ACKRON CONTRACTING COMPANY, INC. v OAKLAND COUNTY

Docket No. 77-4155. Submitted October 17, 1978, at Detroit—Decided November 28, 1978. Leave to appeal denied, 406 Mich 915.

Plaintiff Ackron Contracting Co., Inc., brought an action against defendant Oakland County for money due on construction contracts. Oakland County denied liability and counterclaimed against Ackron. At the same time, Oakland County filed a motion to add Argonaut Insurance Company, the company which issued performance bonds on the contracts, as a defendant to the counterclaim. The plaintiff consented to this request and an order adding Argonaut to the cause of action was entered. The Oakland Circuit Court, William John Beer, J., then granted a default judgment of liability in favor of defendant Oakland County and against Argonaut Insurance Company on the counterclaim by Oakland County. Argonaut appeals.
*Held:*

The trial court did not abuse its discretion in entering the default judgment of liability due to Argonaut's noncompliance with court-ordered discovery since the case had been pending 19 months, Argonaut had ignored two notices to produce documents, the trial was adjourned four times so discovery could be completed, Argonaut did not dispute the reasonableness of the court's order of discovery nor heed Oakland County's repeated warnings about the consequences of nonproduction, and Argonaut did not attempt to explain the delay until the day default judgment was entered.

Affirmed.

BEASLEY, P.J., dissented and would hold that Argonaut's defaults in granting discovery should not become a penalty by which a harsh result is obtained, and therefore, he would set aside the default judgment conditioned upon payment of sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 854.
    23 Depositions and Discovery §§ 146, 260.
    47 Am Jur 2d, Judgments § 1158.
[2] 23 Am Jur 2d, Depositions and Discovery §§ 146, 260.

stantial costs, if the trial court has been satisfied that the discovery order has been complied with.

OPINION OF THE COURT

1. APPEAL AND ERROR—JUDGMENT—DEFAULT JUDGMENTS—ABUSE OF DISCRETION—COUNTERCLAIMS—DISCOVERY—NONCOMPLIANCE—COURT RULES.

A trial court did not abuse its discretion, in an action for money due on a construction contract, in entering a default judgment of liability in favor of a defendant and against a defendant which has been added as a party and against which a counterclaim has been filed by the original defendant where the default judgment was entered due to the noncompliance with court-ordered discovery, where the added defendant ignored two notices to produce documents and tangible things filed by the original defendant, where the trial was adjourned four times, pursuant to the parties' stipulation, so that discovery could be completed, where the added defendant did not dispute the reasonableness of the court's order of discovery or heed the original defendant's repeated warnings about the consequences of non-production of the documents, where the added defendant did not attempt to explain the delay until the day default judgment was finally entered, and where the case had been pending for 19 months (GCR 1963, 313.2[2][c]).

DISSENT BY BEASLEY, P.J.

2. DISCOVERY—PURPOSE—JUST RESULTS—DEFAULT IN DISCOVERY—HARSH RESULTS—PENALTIES.

*Discovery is a preliminary process of recent origin designed to promote more just results in litigation; the fact that a party defaults in granting court ordered discovery should not become a penalty by which a harsh result is obtained.*

*Dickinson, Wright, McKean, Cudlip & Moon* (by *John K. Renke, II),* for defendant-appellee Oakland County.

*Keywell & Rosenfeld* (by *Sidney L. Frank),* for defendant-appellant Argonaut Insurance Company.

Before: BEASLEY, P.J., and R. B. BURNS and J. H.
VANDER WAL,* JJ.

R. B. BURNS, J. Counter-defendant appeals from
the entry of a default judgment in favor of defend-
ant. Default judgment was entered due to counter-
defendant's noncompliance with court-ordered dis-
covery. GCR 1963, 313.2(2)(c).

Our examination of the record convinces us that
the trial court did not abuse its discretion in
entering default judgment. Two notices to produce
documents and tangible things were filed by de-
fendant. Counter-defendant ignored these notices.
The trial was adjourned four times, pursuant to
the parties' stipulation, so that discovery could be
completed. Never were the requested documents
produced. Never did counter-defendant dispute the
reasonableness of the court's order of discovery.
Counter-defendant did not heed defendant's re-
peated warnings about the consequences of non-
production of the documents. Not until the day
default judgment was finally entered was there an
attempt to explain the delay. The case had already
been pending for 19 months. There was no abuse
of discretion in the entry of the default judgment.
*First Bank of Cadillac v Benson,* 81 Mich App 550;
265 NW2d 413 (1978), *Humphrey v Adams,* 69
Mich App 577; 245 NW2d 167 (1976).

Affirmed.

J. H. VANDER WAL, J., concurred.

BEASLEY, P.J. *(dissenting).* I respectfully dissent.
I would set aside the default judgment condi-

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tioned upon payment of substantial costs.[1] Discovery is, after all, a mere preliminary process of recent origin designed to promote more just results in litigation. While I do not condone appellant's defaults in granting discovery, such fact should not become a penalty by which a harsh result is obtained.

---

[1] It is represented appellant has complied with the discovery order; this dissent assumes satisfying the trial court of such compliance.