WOOD v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 45634. Submitted June 9, 1980, at Detroit.—Decided
August 28, 1980. Leave to appeal applied for.

Plaintiff, Theodore Wood, an uninsured motorcyclist, was injured
in a collision with a car insured by defendant, Detroit Automo-
bile Inter-Insurance Exchange. Defendant promptly began pay-
ing plaintiff's medical expenses and wage loss benefits, but
terminated payment of the wage loss benefits in 1976. Plaintiff
commenced this action in Wayne Circuit Court, claiming defen-
dant wrongfully, maliciously, and fraudulently withheld bene-
fits. Defendant denied that its action·was wrongful, and argued
that plaintiff had failed to submit all necessary proofs prece-
dent to payment. Plaintiff served a set of interrogatories on
defendant which defendant failed to answer. Plaintiff moved to
compel an answer but defendant failed to respond to the
motion and the court ordered an answer within 30 days.
Defendant did not comply and plaintiff moved for a default
judgment. The court ordered compliance within 15 days or
default judgment would be entered. The time elapsed without
response from defendant and plaintiff moved for entry of a
default judgment. The defendant finally answered the interrog-
atories on the day before the hearing on the motion to enter
default judgment. The court entered the default judgment and
awarded plaintiff wage loss benefits for 14 months plus 12
percent interest from the day the payments had become due. In
addition, the court awarded plaintiff $50,000 for mental an-
guish damages, $5,000 for attorney fees and six percent interest
on the entire judgment, Robert J. Colombo, J. Defendant moved
to set aside the default judgment. The motion was denied and
defendant appeals, contending: (1) that the trial court abused
its discretion by entering the default judgment and then refus-

REFERENCES FOR POINTS IN HEADNOTES

[1] 62 Am Jur 2d, Pretrial Conference and Procedure § 16.
[2] 47 Am Jur 2d, Judgments § 1165 et seq.
[3] 46 Am Jur 2d, Judgments § 775.
[4] 47 Am Jur 2d, Judgments § 1189.
[5, 6] 7 Am Jur 2d (Rev), Automobile Insurance § 345.
[7] 7 Am Jur 2d (Rev), Automobile Insurance §§ 344, 357.

ing to set it aside; (2) that the trial court improperly denied a jury trial on damages; (3) that the trial court erred by awarding plaintiff mental suffering damages; (4) that the trial court erred by awarding plaintiff $5,000 for attorney fees; and (5) that the trial court erred in awarding six percent interest on the judgment. *Held:*

1. Absent an abuse of discretion, a trial court's decision will not be reversed on appeal, and, if a party willfully, *i.e.,* intentionally, fails to comply with a court order, a default judgment may be appropriate. Defendant in this case ignored two court orders requiring a response. These willfull acts justified the court's imposition of a default judgment.

2. A defaulting party has no right to a jury determination of damages.

3. The no-fault automobile insurance act provides for only two possible penalties for an insurer's wrongful failure to pay personal protection benefits: an award of attorney fees and a 12 percent interest award for overdue payments. The trial court erred in awarding additional damages for mental anguish.

4. Attorney fees may be charged to the insurer if the court finds that the insurer "unreasonably refused" or "unreasonably delayed" in making proper payment. There is no unreasonable delay if the insurer demonstrates a legitimate question of statutory construction, constitutional law, or bona fide factual uncertainty. Defendant in this case has not indicated that it had a meritorious or plausible defense. The trial court properly awarded attorney fees to plaintiff; however, as noted earlier, $50,000 of the judgment was improperly awarded and so, on remand, the trial court may choose to adjust the award for attorney fees.

5. The purpose of the six percent interest statute is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages. The 12 percent interest provision is intended to penalize the recalcitrant insurer rather than compensate the claimant. The statutes are not mutually exclusive, therefore the trial court correctly ordered both the six percent and the 12 percent interest. The 12 percent "delay" interest was appropriately assessed. The six percent judgment interest was assessed on the total award and, since the emotional pain and suffering damages were improperly awarded, the total award must be adjusted on remand.

Affirmed in part, reversed in part and remanded.

1. PRETRIAL PROCEDURE — DISCOVERY — ENFORCEMENT.

A trial court may utilize sanctions to enforce discovery rules but before determining whether any compulsion is necessary the court should consider: (1) any inconvenience to the other party; (2) the nature of the noncomplying party's disobedience; and (3) the deterrent effect of the penalty.

2. JUDGMENTS — DEFAULT JUDGMENTS — COURT ORDERS — REFUSAL TO COMPLY.

A default judgment may be appropriate where a party willfully fails to comply with a court order; however, it is a drastic step and one to be employed only when other preliminary measures fail.

3. JUDGMENTS — DEFAULT JUDGMENTS — MOTIONS TO SET ASIDE — COURT RULES.

A motion to set aside a default judgment should be granted if good cause is shown and an affidavit of facts showing a meritorious defense is filed (GCR 1963, 520.4).

4. DAMAGES — DEFAULT JUDGMENTS — DETERMINATION OF DAMAGES BY JURY.

A defaulting party has no right to a jury determination of damages.

5. INSURANCE — NO-FAULT INSURANCE — DAMAGES — PENALTIES — STATUTES.

It is error for a trial court to award exemplary or mental anguish damages in an action brought under the no-fault automobile insurance act for an insurer's wrongful failure to pay personal protection benefits; the act provides for only two possible penalties for such failure: an award of attorney fees and a 12 percent interest award for overdue payments (MCL 500.3142[3], 500.3148; MSA 24.13142[3], 24.13148).

6. INSURANCE — NO-FAULT INSURANCE — DELAY — ATTORNEY FEES — STATUTES.

Attorney fees may be charged to an insurer, under the no-fault automobile insurance act, if the court finds that the insurer unreasonably refused to, or unreasonably delayed in, making proper payment, but there is no unreasonable delay if the insurer demonstrates a legitimate question of statutory construction, constitutional law, or bona fide factual uncertainty (MCL 500.3148[1]; MSA 24.13148[1]).

7. Insurance — No-Fault Insurance — Penalty Interest — Judgment Interest — Statutes.

A trial court may properly award 12 percent penalty interest and six percent judgment interest under the no-fault automobile insurance act because the purpose of the six percent interest statute is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money, while the purpose of the 12 percent interest provision is to penalize the recalcitrant insurer rather than compensate the claimant; these statutes are not mutually exclusive (MCL 500.3142, 600.6013; MSA 24.13142, 27A.6013).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Jeffrey N. Shillman*), for plaintiff.

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by *Edward P. Arbour*), and *Gromek, Bendure & Thomas* (by *Carl L. Gromek* and *James G. Gross*), for defendant.

Before: Bashara, P.J., and D. C. Riley and E. A. Quinnell,* JJ.

Per Curiam. Plaintiff, an uninsured motorcyclist, was injured in a collision with a car driven by defendant's insured, Carl Larm. Defendant promptly began paying plaintiff's medical expenses and wage loss benefits pursuant to MCL 500.3115(1)(a); MSA 24.13115(1)(a). When defendant terminated wage loss benefits in 1976, plaintiff commenced this action, claiming that defendant had wrongfully, maliciously and fraudulently withheld benefits. Defendant denied that its action was wrongful, arguing that plaintiff had failed to submit all necessary proofs precedent to payment.

On July 11, 1978, plaintiff served a set of interrogatories on defendant. When defendant failed to

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

answer, plaintiff moved to compel answers. Defendant did not respond to the motion and, on November 15, the court ordered an answer to the interrogatories within 30 days. When defendant did not comply, plaintiff moved for a default judgment. Defendant continued to ignore the proceedings. On January 10, 1979, the court ordered defendant to answer within 15 days or suffer automatic default. After the time elapsed without a response from defendant, plaintiff moved, on February 3, 1979, for entry of a default judgment. On the day before the motion hearing held on March 23, 1979, defendant finally answered the interrogatories. The court proceeded to enter the default judgment and awarded plaintiff wage loss benefits for 14 months plus 12 percent interest from the day the payments had become due, for a total of $11,708.93. The court also awarded plaintiff an additional $50,000 for mental anguish damages, $5,000 for attorney fees and six percent interest on the entire judgment.

Defendant moved to set aside the default judgment on April 17, 1979. This motion was denied on May 11, 1979. Defendant now appeals as of right.

Defendant first contends that the trial court abused its discretion by entering the default and then refusing to set it aside.

GCR 1963, 313 empowers a judge to utilize sanctions to enforce the discovery rules. In determining whether any compulsion is necessary, the trial judge should consider: (1) any inconvenience to the plaintiff, (2) the nature of the defendant's disobedience, and (3) the deterrent effect of the penalty. See *Jack's Factory Outlet v Pontiac State Bank,* 95 Mich App 174; 290 NW2d 114 (1980). The trial judge's decision will not be reversed on appeal absent an abuse of discretion. See *Ackron*

*Contracting Co, Inc v Oakland County,* 87 Mich App 294, 296; 274 NW2d 44 (1978).

One of the methods provided for by law and utilized in the instant case is a judgment by default.

"(2) Other Consequences. If any party or an officer or managing agent of a party refuses to obey an order made under subrule 313.1 requiring him to answer designated questions, or an order made under either Rule 310 or 311, the court may make such orders in regard to the refusal as are just, and among others the following:

"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;" GCR 1963, 313.2(2)(c).

".4 Failure of a Party to Attend or Serve Answers. If a party or officer or managing agent of a party willfully fails to appear before the person who is to take his deposition, after being served with a proper notice or fails to serve answers to interrogatories submitted under Rule 309, after proper notice of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party." GCR 1963, 313.4.

Admittedly, it is a "drastic" step, one to be employed only when other preliminary measures fail. See *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 477; 270 NW2d 101 (1978). Thus, if a party willfully, *i.e.,* intentionally, fails to comply with a court order, a default judgment may be appropriate. See *Humphrey v Adams,* 69 Mich App 577; 245 NW2d 167 (1976).

In the case *sub judice,* defendant was requested to answer a simple set of interrogatories. Instead

of alerting the court to any impediment to its answering, the defendant merely ignored two court orders requiring a response. We believe that these were willful acts justifying the court's imposing a default judgment.

A motion to set aside a default judgment is governed by GCR 1963, 520.4, which provides that such motion will be granted "if good cause is shown and an affidavit of facts showing a meritorious defense is filed". A lower court's grant or denial will be reversed on appeal only if it is a clear abuse of discretion. *Borovoy v Bursar Realty Corp,* 86 Mich App 732, 737; 273 NW2d 545 (1978).

Defendant's purported excuse for failing to answer the interrogatories was that it had been unable to depose plaintiff. We do not find this incapacity tantamount to "good cause". See *Masters v Highland Park,* 97 Mich App 56; 294 NW2d 246 (1980).

Further, the possible setoff of governmental benefits claimed by defendant is not a viable defense. Even if we were to recognize it, defendant's motion to set aside the default was not supported by an affidavit of facts, a requirement of GCR 1963, 520.4. *Kiefer v The Great Atlantic & Pacific Tea Co, Inc,* 80 Mich App 590, 595; 264 NW2d 71 (1978).

Defendant alleges that it was improperly denied a jury trial on damages. This is incorrect as a defaulting party has no right to a jury determination of damages. *Asmus v Barrett,* 30 Mich App 570, 577; 186 NW2d 819 (1971).

Defendant further argues that the trial court erred by awarding plaintiff mental suffering damages. We agree.

Since plaintiff was an uninsured motorist, defendant's obligations to him arose not from a contract

but from the status which made it responsible for his personal protection insurance. MCL 500.3115(1)(a); MSA 24.13115(1)(a). Since the no-fault insurance act provides for only two possible penalties for an insurer's wrongful failure to pay personal protection benefits, an award of attorney fees, MCL 500.3148; MSA 24.13148, and a 12 percent interest award for overdue payments, MCL 500.3142(3); MSA 24.13142(3), the trial court erred in awarding additional damages. This grant mandates reversal for a deletion of the $50,000 for exemplary or mental anguish damages.

Defendant also asserts that the trial court erred in awarding plaintiff $5,000 for attorney fees. Under MCL 500.3148(1); MSA 24.13148(1), attorney fees may be charged to the insurer if the court finds that that party "unreasonably refused" or "unreasonably delayed" in making proper payment. There is no unreasonable delay if the insurer demonstrates a legitimate question of statutory construction, constitutional law, or even a bona fide factual uncertainty. See *Lewis v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 251, 257; 282 NW2d 794 (1979), *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629, 635; 270 NW2d 670 (1978), and *Davidson v Johnson (On Rehearing),* 79 Mich App 660, 667; 262 NW2d 887 (1977). In the instant case however, as discussed earlier, defendant has not indicated that it had a meritorious or even a plausible defense. We must conclude that the lower court properly awarded attorney fees to plaintiff.

Regarding the amount of the award, $5,000 was a reasonable fee in terms of hours devoted to this case and in terms of percentage of the total judgment of over $60,000. However, as noted earlier in the opinion, $50,000 of this amount attributable to

mental suffering damages was improperly awarded. In light of this holding the lower court may choose to adjust the award for attorney fees on remand.

Finally, defendant claims that the trial court erred in awarding six percent judgment interest, MCL 600.6013; MSA 27A.6013, in addition to the 12 percent penalty interest under the no-fault act, MCL 500.3142; MSA 24.13142. The trial court awarded the 12 percent interest on the overdue wage loss payment from the time it became overdue. The six percent interest was ordered on the entire judgment from the date the complaint was filed. Defendant contends that the overlapping of the interest provisions was impermissible.

The purpose of the six percent interest statute is to *compensate* the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages. *Schwartz v Piper Aircraft Corp,* 90 Mich App 324, 326; 282 NW2d 306 (1979), *Waldrop v Rodery,* 34 Mich App 1, 4; 190 NW2d 691 (1979). The 12 percent interest provision is intended to *penalize* the recalcitrant insurer rather than compensate the claimant. See *O J Enterprises, Inc v Ins Co of North America,* 96 Mich App 271; 292 NW2d 207 (1980) (similar purpose intended under the Insurance Code, MCL 500.2006; MSA 24.12006). We do not consider these statutes to be mutually exclusive. Therefore, the trial court correctly ordered both the six percent and the 12 percent interest.

Since we have concluded that the amount for overdue wage loss benefits was properly awarded, the 12 percent "delay" interest was appropriately assessed for a total of $11,708.93. However, we have also determined that the $50,000 emotional pain and suffering damages were improperly

awarded. Since the present judgment includes six* percent interest assessed on that amount, the total award must be adjusted on remand.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

No costs, neither party having prevailed in full.