WOOD v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 65839. Argued October 14, 1981 (Calendar No. 10).—
Decided June 28, 1982.

Theodore Wood brought an action against the Detroit Automobile
Inter-Insurance Exchange for personal injury protection bene-
fits due him as a result of injuries incurred in an accident with
the defendant's insured and demanded a jury trial. The defen-
dant answered and also demanded a jury trial. The defendant
was served with interrogatories, but failed to answer or to
respond to court orders compelling responses and a default was
entered. The defendant did not respond to the plaintiff's motion
for a default judgment until the day before the motion was to
be heard, when defense counsel delivered answers to the plain-
tiff's interrogatories to plaintiff's counsel. The Wayne Circuit
Court, Robert J. Colombo, J., denied defense counsel permission
to participate in the hearing on the plaintiff's motion and
awarded the plaintiff wage-loss benefits, compensation for men-
tal anguish, attorney fees, and interest. The Court of Appeals,
Bashara, P.J., and D. C. Riley and Quinnell, JJ., reversed the
award for mental anguish, noting that the trial court might
reconsider the amount of attorney fees awarded because of the
reduction, and otherwise affirmed the decision of the trial court
(Docket No. 45634). The defendant appeals.

In a unanimous opinion by Justice Fitzgerald, the Supreme
Court held:

A defaulting party who has properly invoked his right to a
jury trial retains that right and the right to participate in a
hearing held to determine the amount of recovery.

1. A default settles the question of liability as to all well-
pleaded allegations and precludes the defaulting party from
litigating those issues. However, a defaulting party has a right

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Jury §§ 10, 42, 84.
[2] 7 Am Jur 2d, Automobile Insurance §§ 344, 345.
   Validity and construction of "no-fault" automobile insurance plans.
      42 ALR3d 229.
[3] 7 Am Jur 2d, Automobile Insurance §§ 344, 357.

to participate if further proceedings are deemed necessary to determine the amount of damages, and where the party has preserved his right to a jury trial, it applies to a hearing on damages and is not canceled or waived by a default. The right to a jury trial in civil litigation is of constitutional dimension. The court rules provide that a party may demand a trial by jury of any issue so triable and that if the demand does not designate which issues are to be tried to a jury, it covers all issues. In this case the demands did not specify jury issues, so they included the question of liability and the amount of recovery.

2. A trial court need not conduct hearings to determine whether a plaintiff is entitled to an award of attorney fees from a defaulting insurer. Under the no-fault act, a claimant is entitled to charge his attorney fees against the insurer where the trial court finds that the insurer acted unreasonably in refusing or delaying payment of benefits. A default by an insurer which settles the question of liability also precludes an assertion that the insurer acted reasonably because it had valid defenses to the plaintiff's claim. Thus, a trial court, following entry of a default, may accept the plaintiff's contention that the defendant acted unreasonably in refusing payment and may determine that the plaintiff is entitled to charge his attorney fees. However, the determination of entitlement does not resolve the amount of the award. The controlling criterion is that the amount be reasonable.

3. Interest may be awarded on the amount of wage-loss benefits to which a plaintiff is entitled under the no-fault act and on the entire judgment generally. The statutory provisions are not mutually exclusive. The general interest compensates the prevailing party for expenses incurred in bringing the action and delay in receiving benefits, and the interest on the award of benefits penalizes the recalcitrant insurer.

99 Mich App 701; 299 NW2d 370 (1980) affirmed in part and reversed in part.

1. CONSTITUTIONAL LAW — TRIAL BY JURY — DEFAULT.

A defaulting party who has preserved his right to a jury trial does not cancel or waive the right by reason of the default and may demand a jury determination of the amount of damages where further proceedings are necessary for that determination (Const 1963, art 1, § 14; GCR 1963, 508, 520).

2. INSURANCE — NO-FAULT ACT — DEFAULT — ATTORNEY FEES.

A trial court need not conduct hearings to determine whether

attorney fees may be charged against a defaulting insurer in an action to recover overdue personal injury protection benefits because, under the no-fault act, attorney fees may be charged where an insurer unreasonably refuses or delays payment; the default precludes the presentation of a justification for the delay by the insurer, and where the court accepts the insured's contention that the insurer acted unreasonably in refusing payment it may determine the insured's entitlement to attorney fees; in determining the amount of the fees, the controlling criterion is reasonableness (MCL 500.3148[1]; MSA 24.13148[1]; GCR 1963, 520).

3. INSURANCE — NO-FAULT ACT — INTEREST ON JUDGMENTS.

A trial court may award 12% interest on personal protection insurance benefits determined to be overdue as well as the interest generally allowed on judgments; the statutory provisions are not mutually exclusive, the interest on the judgment compensating the plaintiff for expenses incurred in bringing the action and the delay in receiving damages, while the interest on the benefits penalizes the recalcitrant insurer (MCL 500.3142, 600.6013; MSA 24.13142, 27A.6013).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Jeffrey N. Shillman*), for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Edmund P. Arbour*) and *Gromek, Bendure & Thomas* (by *Carl L. Gromek* and *Nancy L. Bosh*), of counsel, for defendant.

FITZGERALD, J. The several issues before this Court stem from a September 9, 1974, collision between plaintiff's motorcycle and an automobile driven by a man whom defendant insured.

For the reasons that follow, the judgment of the Court of Appeals is affirmed in part and reversed in part.

I

Plaintiff Wood, who was injured severely[1] in the 1974 accident, did not carry a no-fault insurance policy. Defendant, as insurer of the motor vehicle owner involved in the accident, therefore became liable for payment of personal injury protection (PIP) benefits to plaintiff under MCL 500.3115(1)(a); MSA 24.13115(1)(a).[2]

Defendant paid some $17,768 in medical expenses and about $13,428 in wage-loss benefits before terminating payments in mid-1976. Defendant's stated rationale for curtailing benefits was that it lacked "proof of Mr. Wood's continuing inability to work".[3]

Plaintiff subsequently filed suit in late December, 1976, demanding a jury trial. Defendant answered and also demanded a jury trial.

The next relevant date is early July, 1978, when plaintiff served 28 interrogatories upon defendant. It was this discovery attempt which led to the present appeal.

Upon defendant's failure to answer the interrog-

---

[1] As a result of the accident, plaintiff's right leg was amputated at the knee. He also suffered a crushed hip and hand, according to plaintiff's testimony at the default judgment hearing.

[2] "(1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident."

[3] The last wage-loss benefit check issued to plaintiff by defendant was on June 21, 1976. Defendant alleged in its answer to plaintiff's complaint that all proper payments were made on proofs submitted, and that plaintiff had failed to present the proofs necessary for further payment or to cooperate "in regard to medical reports, medical exam and in other particulars".

atories, plaintiff obtained two court orders compelling responses. The first, in mid-November, 1978, gave defendant 30 days in which to answer. The second, in early January, 1979, ordered defendant to reply within 30 days or suffer automatic default.

A default eventually was entered and a hearing on plaintiff's motion for default judgment was set for March 23, 1979. Defendant was notified of the scheduled hearing, but did not respond.

The day before the motion was to be heard, defense counsel delivered to plaintiff's attorney answers to the interrogatories. He explained in a cover letter that he had "finally sat down with this file and stuck my nose into it". Defense counsel appeared at the hearing the following day, but the trial court denied him permission to participate.[4] The default judgment awarded plaintiff consisted of $11,708.93 in wage-loss benefits for 14 months and interest at 12%; $50,000 for mental anguish, and $5,000 in attorney fees. In addition, plaintiff received 6% interest on the entire judgment.

Defendant's subsequent motion to set aside the default judgment was denied.

The Court of Appeals reversed as to the $50,000 award for mental anguish, and noted that the trial court might want to reconsider the amount of attorney fees because of the decrease in the total judgment. The Court of Appeals affirmed the trial court in all other respects.[5]

[4] When defendant's attorney appeared at the default judgment proceeding, the trial court refused to hear his oral motion to set aside the default, agreeing with plaintiff that defendant lacked standing. The court also would not allow defendant to participate in the proceeding by questioning plaintiff prior to the entry of the judgment.

[5] *Wood v DAIIE,* 99 Mich App 701; 299 NW2d 370 (1980).

This Court granted leave to appeal on May 8, 1981.[6]

## II

It is an established principle of Michigan law that a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue. See, for example, *Cogswell v Kells,* 293 Mich 541; 292 NW 483 (1940); *Lesisko v Stafford,* 293 Mich 479; 292 NW 376 (1940); *Messenger v Peter,* 129 Mich 93; 88 NW 209 (1901).

It also appears that a defaulting party has a right to participate if further proceedings are necessary to determine the amount of damages. See, for example, *Haller v Walczak,* 347 Mich 292; 79 NW2d 622 (1956); *Hanover Fire Ins Co of New York v Furkas,* 267 Mich 14; 255 NW 381 (1934); and *Grinnell v Bebb,* 126 Mich 157; 85 NW 467 (1901). Federal decisions and those from other states are in accord. Plaintiff now concedes defendant's right to participate in such a proceeding.

However, this Court has not spoken definitively on whether a defaulting party has a right to jury trial in such a circumstance. In addressing this issue, it is necessary to set forth provisions of the various court rules which govern the parties in the case *sub judice.*

To begin, the rights of a party in litigation to obtain reasonable, unfettered discovery are spelled

[6] *Wood v DAIIE,* 411 Mich 900 (1981).

out in GCR 1963, 309.[7] The full text of that rule is set forth in the footnote, but for convenience, pertinent clauses are quoted here:

"The party to whom the interrogatories are directed for answer shall file * * * within 15 days" or "[w]ithin the time for answering * * * serve written objections".

[7] ".1 Service of Interrogatories. Any party may file with the court in which the action is pending and serve upon all adverse parties written interrogatories to be answered by the party served or, if the designated party served is a public or private corporation or partnership or association, by any officer, partner, or agent. The answers to interrogatories shall contain such information as is available to the party served or could be obtained by him from his employees, agents, representatives, sureties or indemnitors. Interrogatories may be served and filed after commencement of the action and without leave of court, unless service of the interrogatory is made by the plaintiff within 10 days after the commencement of the action, in which case, leave of court with or without notice must first be obtained. Interrogatories may be served after a deposition has been taken, and a deposition may be sought after interrogatories have been answered, but the court, on motion of the party or deponent interrogated, may make such protective order as justice may require."

* * *

".2 Answers to Interrogatories. *[Text applicable only in Wayne Circuit Court:]* The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them. The party to whom the interrogatories are directed for answer shall file in the cause and serve a copy of the answers on the party submitting the interrogatories and on all other parties within 15 days after the service of the interrogatories, unless the court, on motion and notice and for good cause shown, extends or shortens the time. The court may on motion for good cause shown excuse service on the other parties. Interrogatories addressed to the existence of, the address of, or identity of witnesses shall be deemed continuing interrogatories. With respect to such interrogatories the adverse party shall within 15 days of receipt of further knowledge concerning the existence of, address of, or identity of witnesses, file supplemental answers containing all such subsequently acquired knowledge.

".3 Objections. Within the time for answering, the party to whom the interrogatories are directed may serve written objections thereto together with a notice of motion for hearing of the objections. Answers to interrogatories to which objection is made shall be deferred until the objections are determined, but the making of objections to certain interrogatories shall not delay the answering of interrogatories to which objection is not made. If the objections are overruled, the court shall fix the time for answering."

Defendant did neither.

Sanctions for failing to abide by discovery rules are spelled out in GCR 1963, 313.4.[8] Permissible penalties include "judgment by default".

The trial court in the instant case, after defendant ignored not only the time requirements of GCR 1963, 309, but also two orders compelling discovery, granted plaintiff's motion for a default judgment. This was a reasonable action which defendant no longer protests.[9]

"The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for '[d]elay and evasion are added burdens on litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice'." *Denton v Mr Swiss of Missouri, Inc,* 564 F2d 236, 241 (CA 8, 1977).

In addition to the deterrent value of such penalties, this Court has noted the positive effect on the efficient administration of justice, in that default procedures "keep the dockets current" and "expedite the disposal of causes, thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim".

[8] ".4 Failure of a Party to Attend or Serve Answers. If a party or officer or managing agent of a party willfully fails to appear before the person who is to take his deposition, after being served with a proper notice or fails to serve answers to interrogatories submitted under Rule 309, after proper notice of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

[9] Defendant's motion to set aside the default judgment was denied by the trial court. Defendant contended in the Court of Appeals that the trial court had abused its discretion both in entering the default judgment and in refusing to set it aside. The Court of Appeals affirmed the trial court, and defendant no longer challenges the propriety of those trial court decisions.

*Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974).

Although now conceding the propriety of the default judgment, defendant continues to insist that it did not sacrifice its right to a jury determination of damages as demanded in its answer to plaintiff's complaint. Plaintiff, however, asserts that defendant's jury demand did not survive the default.

The right to jury trial in civil litigation is of constitutional dimension. "The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." Const 1963, art 1, § 14.

The constitution further authorizes this Court to promulgate rules governing litigation. "The supreme court shall by general court rules establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5.

GCR 1963, 508[10] and 509[11] pertain to the right to

[10] ".1 Right Preserved. The right of trial by jury as declared by the constitution shall be preserved to the parties inviolate.

".2 Demand.

"(1) Actions Commenced in Circuit Courts. Any party may demand a trial by jury of any issue so triable of right by filing a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the filing of the answer or a reply filed within the time prescribed. Such demand may be endorsed on a pleading of a party if notice of the demand is included in the entitlement of the pleading.

* * *

".3 Specification of Issues. In his demand for jury trial a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. If he has demanded trial by jury for only some of the issues, any other party within 15 days after service of a copy of the demand or within such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

".4 Waiver; Withdrawal. The failure of a party to file a demand as required by this rule or to deposit the jury fee by the close of the pretrial conference constitutes waiver by him of trial by jury. A

jury trial. Rule 508 begins with a reference to the constitutional provision, *supra,* and goes on to detail the manner in which a jury trial is secured:

"Any party may demand a trial by jury of *any issue* so triable of right by filing a demand therefor in writing at any time after the commencement of the action and not later than 30 days after the filing of the answer or a reply filed within the time prescribed."

Both plaintiff and defendant in the instant case made proper demand for jury trial, plaintiff in his complaint and defendant in its answer.

If a party does not designate which issues are to be tried to a jury, Rule 508 provides that the demand is deemed to cover all issues so triable. Neither plaintiff nor defendant specified jury issues in this case, so their demands are construed to include *all* issues, *e.g.,* the question of liability *and* the amount of recovery.

There is nothing in the record to indicate that defendant ever waived its right to jury trial under Rule 508. "A demand for trial by jury as herein

waiver of trial by jury is not revoked by an amendment of a pleading asserting only a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. A demand for trial by jury as herein provided may not be withdrawn without the consent, expressed in writing or in court, of the parties or their attorneys."

[11] ".1 By Jury. When a jury has been demanded as provided in Rule 508 the action or appeal shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury unless (1) the parties agree otherwise by stipulation in writing or on the record, or (2) the court upon motion or of its own initiative finds that the right of trial by jury of some or all of those issues does not exist under the constitution.

".2 By the Court. Issues as to which a trial by jury has not been demanded as provided in Rule 508 shall be tried by the court; but notwithstanding the failure of a party to demand a jury as to an issue in an action or appeal in which such demand might have been made of right, the court in its discretion may order a trial by a jury of any or all issues.

provided may not be withdrawn without the consent, expressed in writing or in court, of the parties or their attorneys."

Thus, defendant had preserved its right to a jury trial as required by the court rules. The question which remains is whether defendant's default somehow canceled the right or was the functional equivalent of a waiver.

In holding that defendant's right to jury trial did not survive the default, the Court of Appeals cited *Asmus v Barrett,* 30 Mich App 570, 577; 186 NW2d 819 (1971). The *Asmus* panel referred to 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 659:

"A defaulted defendant may not be heard on the trial of damages as a matter of right. Nor will he have any right to a trial by jury. Either he will have waived that right by failure to make a timely demand, Rule 508, or he will have forfeited his right to a contested trial by the acts constituting his default."

We note, first, that the above comment is not an accurate reflection of the law. Second, the *Asmus* Court's reference was dictum, unnecessary to its decision: "In light of counsel's failure to object to the denial of a demand for a jury trial, this Court need not consider the point." *Asmus,* 577.

We note further that, unlike the defendant in the instant case, the defaulted defendant in *Asmus* had not made a timely jury demand. We need not decide in this case whether a defaulting party who has failed to properly invoke its right to a jury trial may do so on the issue of damages after a default has been entered.

We hold only that a defaulting party who has properly invoked his right to jury trial retains

that right *if* a hearing is held to determine the amount of recovery.

It is important, therefore, to ascertain when such a hearing is required.

GCR 1963, 520[12] controls entry and judgment of

[12] ".1 Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the person seeking the relief or his attorney shall enter the default of that party by filing with the clerk a statement called a default, signed by the person seeking the relief or his attorney, stating that default is entered and stating the reasons therefor. Once a default of any party has been duly filed or entered, that party shall not proceed with his case until his default has been set aside by the court in accordance with sub-rule 520.4.

".2 Judgment. Judgment by default may be entered as follows:

"(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall sign and enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person. The clerk shall not, unless by special order of the court, enter or record any judgment based on a note or other written evidence of indebtedness until such note or writing is first filed with him for cancellation.

"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, guardian ad litem, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by the constitution.

* * *

".4 Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. If personal service was made upon the party against whom the default was taken, it shall not be set aside unless application to have it set aside is made either before the entry of judgment or within 4 months after the default was regularly filed or entered except as provided in

default. The rule provides that the holding of further proceedings on the question of damages is within the discretion of the trial court.

> "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, *the court may conduct such hearings as it deems necessary and proper.*"

However, once the trial court determines that a further proceeding is necessary, the rule mandates "a right of trial by jury to the parties *when and as required by the Constitution*". As noted above, the constitutional requirement is but a circular reference to the court rules. The constitutional provision is repeated here: "The right of trial by jury shall remain, but shall be waived in all civil cases unless demanded by one of the parties in the manner prescribed by law." Const 1963, art 1, § 14.

Thus, the trial court in the case at bar, having determined that a hearing was necessary on the question of damages,[13] was obliged to accord defendant its properly preserved right to jury trial.

There are other considerations which support the court rules in this regard. Wright & Miller, commenting on the analogous federal rules, note that contemporary procedural philosophy encour-

---

Rule 528. Any order setting aside such default shall be conditioned upon the party against whom the default was taken paying the taxable costs incurred by the other party in reliance upon the default, except as prescribed in sub-rule 526.8. Other conditions may be imposed as the court deems proper. A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

[13] We note that this is not a case in which judgment could have been entered by the clerk, because defendant was not defaulted for failure to appear. See fn 12.

ages trial on the merits. Defaults are not favored and doubts generally should be resolved in favor of the defaulting party. 10 Wright & Miller, Federal Practice & Procedure, § 2681, pp 247-249.

The authors note that although the policy reasons for allowing default judgments basically remain today what they were in the early days of English and American practice, the rules themselves have changed considerably so that the results are not so harsh. *Id.*

## III

We next address defendant's contention that plaintiff was improperly awarded $5,000 in attorney fees.

We note, first, that although the Court of Appeals upheld the propriety of the trial court's action, it suggested that the amount be re-examined because the total judgment had been decreased by the amount awarded for mental anguish.

Defendant's assertions are that the trial court should not have awarded attorney fees at all, and that further, should an award be upheld, this award should be reconsidered because it was not based on permissible factors.

The prevailing party may receive attorney fees under MCL 500.3148(1); MSA 24.13148(1):

"An attorney is entitled to a *reasonable fee* for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. *The attorney's fee shall be a charge against the insurer* in addition to the benefits recov-

ered, *if the court finds that the insurer unreasonably
refused to pay the claim or unreasonably delayed in
making proper payment."*

We agree with defendant that in order for attorney fees to be a charge against the insurer in addition to benefits, the trial court must find that the insurer acted unreasonably. However, we do not concur that in this case it was necessary for the trial court to conduct a further inquiry into plaintiff's entitlement to such fees.

Defendant's default precluded it from contesting plaintiff's right to recover. There was ample support for the trial court's finding that defendant had acted unreasonably either in refusing to pay the claim or in delaying proper payment.[14]

Defendant will not now be heard to assert that its failure to pay was reasonable because it had valid defenses to plaintiff's claim. The benefits admittedly were overdue; that much the default does resolve. To allow defendant to contend otherwise would be violative of GCR 1963, 520.1, which provides that a "party shall not proceed with his case until his default has been set aside by the court".

A determination that a party is entitled to

---

[14] Default alone will not establish an "unreasonable" refusal to pay. As noted earlier, an award of attorney fees was proper only if the trial court accepted plaintiff's contention that defendant had acted unreasonably in refusing payments. Most of the testimony at the default judgment proceeding was directed at establishing that defendant's behavior was not reasonable under the circumstances. Plaintiff provided a chronological recitation of his contacts with defendant and the hardships suffered after defendant arbitrarily ceased payments after 14 months. The trial court accepted this account by, among other things, allowing $5,000 in attorney fees. At a later proceeding on defendant's motion to set aside the default judgment, the trial court reiterated its belief that defendant had failed to demonstrate a meritorious defense and that the award of attorney fees was proper. The Court of Appeals, in upholding that action, noted that defendant had failed to demonstrate even a plausible defense, let alone a meritorious one.

attorney fees under the no-fault insurance act does not decide the amount of the award, however. As to this question, we agree with the defendant that the controlling criterion is that the attorney fees be "reasonable". We adopt the guidelines for determining "reasonableness" set forth in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973).

The *Crawley* panel noted that there is no precise formula for computing the reasonableness of an attorney's fee, but said that factors to be considered are:

"(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See generally 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275, and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics."

See also *Liddell v DAIIE,* 102 Mich App 636, 652; 302 NW2d 260 (1981), which applied the *Crawley* factors to the no-fault insurance scheme. MCL 500.3148(1); MSA 24.13148(1).

While a trial court should consider the guidelines of *Crawley,* it is not limited to those factors in making its determination. Further, the trial court need not detail its findings as to each specific factor considered. The award will be upheld unless it appears upon appellate review that the trial court's finding on the "reasonableness" issue was an abuse of discretion.

As noted earlier, the Court of Appeals has suggested that upon remand the trial court may

choose to adjust the attorney fees in light of the decrease in the total judgment.

## IV

Defendant's final contention is that the trial court erred in awarding both 12% interest on wage-loss benefits under the no-fault insurance act[15] and 6% interest on the entire judgment.[16]

For the reasons given by the Court of Appeals, we hold that the provisions are not mutually exclusive and that the interest awards were proper.[17]

---

[15] "(1) Personal protection insurance benefits are payable as loss accrues.

"(2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

"(3) An overdue payment bears simple interest at the rate of 12% per annum." MCL 500.3142; MSA 24.13142.

[16] "(1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section.

"(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on and after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually." MCL 600.6013; MSA 27A.6013.

[17] "The purpose of the six percent interest statute is to *compensate* the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages. *Schwartz v Piper Aircraft Corp,* 90 Mich App 324, 326; 282 NW2d 306 (1979), *Waldrop v Rodery,* 34 Mich App 1, 4; 190 NW2d 691 (1979). The 12 percent interest provision is intended to *penalize* the recalcitrant insurer rather than compensate the claimant. See *O J Enterprises, Inc v Ins*

## V

In summary, we hold that the default in this case cemented plaintiff's right to recover and precluded defendant from contesting that issue.

Second, we hold that defendant has a right to participate if further proceedings are determined by the trial court to be necessary, and that defendant properly preserved its right to a jury in those proceedings. However, we note that the Court of Appeals reversed the trial court's award of $50,000 to plaintiff for mental anguish. Plaintiff has not appealed that issue.[18] It is impossible to determine which facet of the case prompted the trial court to decide that further proceedings were required. If, upon remand, the trial court finds that additional proceedings are not necessary to its entry of the default judgment, then, *a fortiori,* there will be no hearing to which defendant's right to jury trial can attach.

Third, we hold that the assessment of attorney fees was proper, and that upon remand it is incumbent upon the trial court to ascertain that the amount is "reasonable" in view of the judgment as modified by the Court of Appeals.

Last, we hold that the interest awards were proper.

*Co of North America,* 96 Mich App 271; 292 NW2d 207 (1980) (similar purpose intended under the Insurance Code, MCL 500.2006; MSA 24.12006). We do not consider these statutes to be mutually exclusive. Therefore, the trial court correctly ordered both the six percent and the 12% interest." *Wood v DAIIE,* 99 Mich App 701, 709; 299 NW2d 370 (1980).

[18] Plaintiff, noting this Court's decision in *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980), does not contest the Court of Appeals disallowance of the $50,000 award for exemplary or mental anguish damages.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, RYAN, and BLAIR MOODY, JR., JJ., concurred with FITZGERALD, J.