# STATE OF MICHIGAN

# COURT OF APPEALS

In re ATTORNEY FEES OF JOHN W. UJLAKY

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff,

v

CHRISTOPHER PAUL DUNCAN,

        Defendant,

and

JOHN W. UJLAKY,

        Appellant.

UNPUBLISHED
February 23, 2017

No. 330464
Kent Circuit Court
LC No. 14-010932-FH

---

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Appellant, John W. Ujlaky, appeals as of right the circuit court's order granting in part and denying in part Ujlaky's request for extraordinary attorney fees. Because Ujlaky failed to carry his burden of proving his entitlement to additional extraordinary appellate attorney fees, we affirm.

## I. BASIC FACTS

Ujlaky was appointed to represent Christopher Duncan in Duncan's appeal of his guilty plea conviction for conspiracy to commit second-degree home invasion and lying to a police officer. Duncan had previously been sentenced as a second-offense habitual offender, MCL 769.10, to 7 to 22½ years' imprisonment for second-degree home invasion and 1½ years' imprisonment for lying to a police officer. Ujlaky filed a motion for resentencing, arguing that the court had incorrectly scored offense variables (OVs) 1, 2, and 3. After a hearing, the court

-1-

denied the motion for resentencing. Ujlaky then filed with this Court a delayed application for leave to appeal on behalf of Duncan, which we denied.[1]

On November 5, 2015, Ujlaky filed with the Kent Circuit Court a Michigan Appellate Assigned Counsel System (MAACS) voucher requesting attorney fees and expenses. He requested $472.41 in expenses and $2,350 in fees, for a total of $3,002.41. Ujlaky did not check a box on the MAACS form indicating that he was moving for extraordinary fees. However, on the same day that he submitted the MAACS form, he filed a "motion for payment of fees." In the motion, he argued that he had a good cause basis for requesting additional fees because he worked additional hours on this case. He attached to the motion an itemized billing statement detailing his work. Without holding a hearing, the circuit court ordered that Ujlaky be paid $990 in appellate attorney fees and $472.41 in expenses. The $990 in appellate attorney fees represents an increase of $330 from the standard fee schedule for court-appointed appellate counsel in guilty plea cases in Kent County.

## II. ATTORNEY FEES

### A. STANDARD OF REVIEW

Ujlaky argues that the circuit court abused its discretion by denying him a reasonable fee for the professional services he performed. We review for an abuse of discretion a circuit court's determination as to the reasonableness of compensation for services and expenses for court-appointed lawyers. *In re Foster*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 327707); slip op at 2. "A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 645; 780 NW2d 321 (2009).

### B. ANALYSIS

A court-appointed lawyer is entitled to reasonable compensation for representing an indigent defendant on appeal. See *Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110, 122; 503 NW2d 885 (1993).[2] "The party requesting an award of attorney fees bears the burden of proving the reasonableness of the fees requested." *Adair v Michigan (On Fourth Remand)*, 301 Mich App 547, 552; 836 NW2d 742 (2013) (citation omitted). In *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982) (citation and quotation marks

---

[1] *People v Duncan*, unpublished order of the Court of Appeals, issued October 21, 2015 (Docket No. 329145).

[2] Although "MCL 775.16 was recently amended and no longer explicitly provides that an attorney appointed to represent an indigent appellant is entitled to reasonable compensation," the Michigan Supreme Court recently "referred to the reasonable compensation requirement in an order entered after MCL 775.16 was amended, which indicates that the requirement still exists." *In re Foster* ___ Mich App at ___; slip op at 3 n 1.

omitted), our Supreme Court laid out the following six factors to consider in determining whether an attorney fee was reasonable:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

In *Smith v Khouri*, 481 Mich 519, 522; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.), the Court provided the following guidelines for determining a reasonable attorney fee:

> [T]he trial court should begin the process of calculating a reasonable attorney fee by determining factor 3 under MRPC 1.5(a), i.e., the reasonable hourly or daily rate customarily charged in the locality for similar legal services, using reliable surveys or other credible evidence. This number should be multiplied by the reasonable number of hours expended. . . . After this, the court may consider making adjustments up or down in light of the other factors listed in Wood and MRPC 1.5(a). In order to aid appellate review, the court should briefly indicate its view of each of the factors.

The factors in MRPC 1.5(a) are as follows:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

> (3) the fee customarily charged in the locality for similar legal services;

> (4) the amount involved and the results obtained;

> (5) the time limitations imposed by the client or by the circumstances;

> (6) the nature and length of the professional relationship with the client;

> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

> (8) whether the fee is fixed or contingent.

Here, Ujlaky's motion for additional fees merely argued that he was entitled to extraordinary fees because he worked more hours than are ordinarily required, and he supported this assertion by attaching an itemized billing statement. The only legal authority he referenced in support of his motion was our Supreme Court's order in *In re Ujlaky*, 498 Mich 890; 869 NW2d 624 (2015). In that order, the Court remanded the case to the circuit court to "either

-3-

award the requested [appellate attorney fees], or articulate on the record its basis for concluding that such fees are not reasonable." *Id*. at 890. The Court noted, however, that the mere "expenditure of any amount of time beyond that contemplated by the schedule for the typical case does not, *ipso facto*, warrant extra fees," although "spending a significant but reasonable number of hours beyond the norm may." *Id*. Because the burden of proving the reasonableness of requested fees in on the lawyer requesting the fees, we turn to an examination of Ujlaky's pleading to see if it was sufficient to meet his burden.

Under MCR 2.119(A), a motion must generally "(a) be in writing, (b) state with particularity the grounds and authority on which it is based, (c) state the relief or order sought, and (d) be signed by the party or attorney as provided in MCR 2.114." Additionally, "a motion that presents an issue of law must be accompanied by a brief citing the authority on which it is based." MCR 2.119(B). Here, Ujlaky's motion for fees was in writing as required by MCR 2.119(A)(a). It did not, however, state with particularity the authority the motion was based on as required by MCR 2.119(A)(b). Further, in disregard of MCR 2.119(B), Ujlaky failed to attach a brief in support of his motion and instead appears to have combined his motion and brief into a single document. In effect, Ujlaky's motion left the circuit court to find the authority either supporting or refuting his request for fees, applying that authority to the facts, and then determining whether he was legally entitled to relief and if so whether he was entitled to the full relief requested.[3] Accordingly, under the facts on this case, we conclude that Ujlaky failed to meet his burden of proving the reasonableness of the fees requested. See *Adair (On Fourth Remand)*, 301 Mich App at 552.[4]

---

[3] We note that even on appeal, Ujlaky has not offered any specific explanation why this case in particular required more time or work than the average guilty-plea case.

[4] Ujlaky also suggests that the circuit court's failure to consider any of the factors in *Wood* is the equivalent to refusing to exercise discretion. He asserts that the failure to exercise discretion amounts in a denial of his right to reasonable compensation. He also argues that a circuit court's discretion to award reasonable attorney fees is necessary to ensure compliance with the takings clause of the Fifth Amendment and the right to effective assistance of a lawyer under the Sixth Amendment. We disagree. A salary constitutes property, *ATF Mich v State*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket Nos. 303702; 303704; 303706); slip op at 12–14, lv pending, and "where government directly seizes property in which a person has a property interest, a Fifth Amendment taking occurs requiring the government to pay just compensation," *id*. at ___; slip op at 12. However, unlike that case, where the employees "had a contract based property right in their own wages," *id*., Ujlaky's compensation had yet to be determined. Indeed, pursuant to the circuit court's policy and relevant authority, the precise amount of that compensation was a matter to be determined after the work had been performed. Thus, there was no Fifth Amendment Taking in this case. Further, we see no evidence that the criminal defendant, Duncan, received ineffective assistance as a result of the circuit court's decision to order only $990 in attorney fees in conjunction with Ujlaky's representation in this case.

Affirmed.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Kelly