ANN TRACY v. JOHN MURRAY AND HENRY TINE, EXECUTORS.

| 44 | 109 |
|----|-----|
| 102 | 516 |

*Surrender of dower and acceptance of legacy—Costs.*

| 44 | 109 |
|----|-----|
| d152 | 124 |

A widow's relinquishment of her "thirds" and acceptance of a legacy do not place her in the position of a purchaser for a valuable consideration so far as to entitle her claim as legatee to priority over the claims of creditors of the estate; she is placed on the same footing with other creditors, and, if the estate is insufficient, is entitled to share *pro rata* with them.

A widow's release of dower and acceptance of a legacy, though a purchase, is not completed until the provisions of the will are accepted after her husband's death, and her claim then becomes simply a debt of the estate.

Costs of a litigation of doubtful questions arising in the settlement of an estate, are allowed to be paid from the estate.

Appeal from St. Joseph. Submitted June 10. Decided June 23.

BILL to determine rights under a will. Complainant appeals. Decree modified.

*Severens, Tryon & Ranney* for complainant. A legacy to a wife is a price offered for her dower interest, and if taken in lieu thereof, the acceptance completes a contract of purchase : *Loocock v. Clarkson* 1 Desaus. Eq. (S. C.) 471 ; *Stuart v. Carson* id. 500 ; *Isenhart v. Brown* 1 Edw. Ch. 411 ; *Hubbard v. Hubbard* 6 Met. 50 ; *Pollard v. Pollard* 1 Allen 490 ; *Davenhill v. Fletcher* Amb. 244 ; *Lord v. Lord* 23 Conn. 327 ; Willard's Eq. Jur. 552. Such a legacy is not scaled down with the general legacies where there is a deficiency of assets : *Wood v. Vandenburgh* 6 Paige 277 ; *Williamson v. Williamson* id. 298. The purchase being *bona fide* and for a valuable consideration, the widow has a lien upon testator's land for unpaid sums of the purchase price . *Flynn v. Croniken* 9 How. Pr. 214. Release of dower interest is a valuable consideration : *Randall v. Randall* 37 Mich. 563 ; *Farwell v. Johnston* 34 Mich. 342.

*H. H. Riley* and *D. C. Page* for defendants. Where a widow accepts a devise in lieu of dower, she takes it subject to the same charges as other devisees: *Stevenson v. Brown* 4 N. J. Eq. 503; *Adsit v. Adsit* 2 Johns. Ch. 448; the widow is considered a purchaser for a valuable consideration, to the value of her dower, and her claim is preferred as a lien on the estate to those of creditors to that extent: *Hall's Case* 1 Bland 203.

MARSTON, C. J. Eleazer Tracy died in May, 1877, leaving a will in which he had made certain bequests, the first being to his widow, the complainant, $4400, and to the others $2000. The will was duly probated and letters issued to defendants. The complainant renounced her dower in his estate, accepting the legacy in lieu thereof under the statute. Claims have been proved against his estate to upwards of $5000. The real and personal estate of the deceased is insufficient to pay the debts and legacies. The executors are about to sell the lands of the deceased, and complainant claims that because she accepted her legacy in lieu of dower in the lands of her husband, she is in the position of a purchaser for a valuable consideration, and that she is, therefore, entitled to priority over the other legatees and creditors, and that her legacy is a permanent lien upon the lands of which her husband died seized, and that she is entitled to have the same satisfied out of the proceeds of such sale before any of the other legacies or claims against the estate are paid.

There is a conflict in the authorities as to the rights of the widow under the facts stated.

In *Burridge v. Bradyl* 1 P. Wms. 127, where £3400 was devised for the purchase of annuities to be enjoyed by the wife of the deceased, she releasing her dower, it was held she was entitled to preference over the pecuniary legacies. This was put upon the ground that she was a purchaser of the annuities for her life, by her releasing her dower. This was followed in *Davenhill v. Fletcher* Amb. 244, citing the above case, and also *Blower v. Morret*, since reported in 2 Ves. 420. This same rule has also been adopted and followed

in New York and some other States, as a reference to authorities cited by counsel for complainant will show.

In New Jersey the above rule is not followed, the court saying that where a provision is made by will for a wife, in lieu of dower, she is not bound to accept, and that time is given her to determine, as in this State, whether to take the bounty of her husband or the dower at law; that the provision in the will may be more valuable than dower, and if so, there could be no possible equity in charging it on the land as against the devisee. *Paxson v. Potts* 3 N. J. Eq. 313.

In Maryland the court said the widow was to be considered as a purchaser of the devise to the value of her share or legal right. If the devise falls short of the value of her dower, she is to be recompensed out of the residue of the estate, but if it exceeds, such excess would be subject to the claims of others. *Thomas v. Wood* 1 Md. Ch. 300.

The difficulty with this last view arises when we attempt to place a value upon the widow's dower. Such interest is one for her life, and the value thereof would depend upon so many contingencies that it would be wholly uncertain. So if we adopt the view of the early English decisions, the creditors of the deceased are left entirely at his mercy, subject only to the right to attack the bequest as fraudulent. This we think would be likely to create litigation in many cases where the bequest would not be largely, if at all, in excess of the fair value of her dower interest. Accepting as correct the doctrine of those cases which hold that the widow becomes a purchaser of the legacy by releasing her dower, the contract is not a completed one until her acceptance of the provisions of the will after her husband's decease. Had he purchased from his wife her dower, and given her his note therefor, upon his death such obligation, if not paid, would simply become a claim against his estate, and take its place, when proven against the estate, with the other allowed claims. The husband, during his life-time, wishing to make arrangements to have his wife release her dower interest in the lands of which he should die seized, makes an offer therefor which is not to be submitted to her for acceptance until

after his decease. If then accepted, the consideration to be paid becomes a claim and charge against his estate, and takes precedence over the legacies. It is but a debt against the estate. If there are sufficient assets to pay all the claims allowed against the estate in full, the widow receives the full amount of her claim; if not, she receives her *pro rata* share with the other creditors. This, while just to the creditors, cannot be considered as unjust to the widow; as she has ample time, after the decease of her husband, to determine whether she will sell her dower right by accepting the provisions of the will, or reject such legacy and retain her dower. This but carries out to a logical conclusion the principle asserted in the authorities of a purchase and sale, and is, we think, a much safer rule, and less likely to lead to injustice or vexatious litigation, than the one which complainant seeks to have established by her bill.

The decree of the court below will be modified, and a decree entered in accordance with this opinion. Costs will be paid out of the estate.

The other Justices concurred.