*In re* COLE ESTATE

CUMMINS v GEORGE

Docket No. 59006. Submitted June 1, 1982, at Grand Rapids.—Decided October 18, 1982.

Robert L. Cole executed a will in 1976 which bequeathed his entire estate to his wife, Margaret L. Cole. The will also provided that the estate would be distributed to the testator's children and stepson should Margaret L. Cole predecease the testator. Margaret L. Cole did in fact predecease the testator, who thereafter in 1978 married a woman named Marion. The testator died four months later and his will was offered for probate in the Antrim Probate Court. Marion Cole, who has since remarried and is now Marion Cummins, filed her widow's election. The court, John W. Unger, J., ordered that Marion Cole Cummins take half of the share of the estate she would have received had the testator died intestate, less half of the value of certain property derived by Marion Cole Cummins from the testator by means other than testate or intestate succession upon his death. Her share was to be computed as a percentage of the gross estate and she was also awarded judgment interest on her share. Marion Cole Cummins appeals and the executor of the estate, Robert George, cross-appeals. *Held:*

1. The probate court erred in holding that Marion Cole

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5, 10] 79 Am Jur 2d, Wills § 68.
    80 Am Jur 2d, Wills § 1656.
    What constitutes transfer outside the will precluding surviving spouse from electing statutory share under Uniform Probate Code § 2-301. 11 ALR4th 1213.
[2] 73 Am Jur 2d, Stipulations § 7.
[4] 4 Am Jur 2d, Appeal and Error § 139 *et seq.*
[6] 73 Am Jur 2d, Statutes § 257.
[7] 45 Am Jur 2d, Interest and Usury § 96.
    Date of verdict or date of entry of judgment thereon as beginning of interest period on judgment. 1 ALR2d 479.
[8] 45 Am Jur 2d, Interest and Usury § 97.
[9] 73 Am Jur 2d, Statutes §§ 155 *et seq.,* 249 *et seq.,* 339.

Cummins' widow's election waived her right to the remedy afforded a pretermitted spouse.

2. The probate court computed Marion Cole Cummins' share as a portion of the gross estate. The share of a pretermitted spouse should reflect changes in the value of the property during administration of the estate.

3. A probate court order awarding a widow a forced share of an estate pursuant to the statute providing for widow's election is not a "money judgment recovered in a civil action" as that term is used in the statute providing for interest on such a judgment. The probate court erred in awarding judgment interest to Marion Cole Cummins.

Reversed and remanded for further proceedings.

1. WILLS — WIDOW'S ELECTION — PRETERMITTED SPOUSES.

The filing of a written widow's election does not waive the widow's right to the remedy provided in the statute dealing with pretermitted spouses (MCL 700.126[1], 700.282[1]; MSA 27.5126[1], 27.5282[1]).

2. STIPULATIONS — JUDICIAL CONSTRUCTION.

The language of a stipulation will not be construed so as to give the effect of a waiver of a right not plainly intended to be relinquished.

3. WILLS — PRETERMITTED SPOUSES.

The right of a pretermitted spouse to the same share of the estate she would have received if her spouse did not leave a will is subject to two exceptions: (1) if it appears from the will that the omission was intentional, or (2) if the testator provided for the spouse by transfers outside the will and if it is shown that the testator intended such transfers to be in lieu of a testamentary disposition (MCL 700.126[1]; MSA 27.5126[1]).

4. APPEAL — PROBATE COURTS — FINDINGS OF FACT — STATUTES.

A matter on appeal from a probate court is not tried de novo, and findings of fact by a probate judge, as the trier of fact, will not be reversed on appeal unless the findings are against the preponderance of the evidence (MCL 600.866; MSA 27A.866).

5. WILLS — PRETERMITTED SPOUSES — STATUTORY FORCED SHARE OF ESTATE.

The statutory share of an estate awarded to a pretermitted spouse should reflect changes in the value of the property during administration of the estate; it should not be based on the gross estate (MCL 700.126[1]; MSA 27.5126[1]).

6. Statutes — Judicial Construction — Conflicting Statutes —
   Specific Statute — General Statute.

   It is a rule of statutory construction that where two statutes are
   or appear to be in conflict, a specific statute, enacted subse-
   quent to a more general statute, prevails.

7. Interest — Judgment Interest.

   The purpose of an award of judgment interest is to compensate
   the prevailing party for the expenses incurred in bringing an
   action and for the delay in receiving money damages (MCL
   600.6013; MSA 27A.6013).

8. Interest — Judgment Interest.

   The imposition of statutory interest on a money judgment recov-
   ered in a civil action is mandatory in cases to which the statute
   applies (MCL 600.6013; MSA 27A.6013).

9. Statutes — Judicial Construction.

   Statutes should be construed, where possible, to give effect to
   their purpose.

10. Wills — Pretermitted Spouses — Statutory Forced Share of
    Estate — Judgment Interest.

    A probate court order awarding a widow a forced share of an
    estate pursuant to the statute on pretermitted spouses is not a
    money judgment recovered in a civil action and, therefore, does
    not entitle the spouse to an award of judgment interest (MCL
    700.126, 600.6013; MSA 27.5126, 27A.6013).

*Robert B. Guyot, III,* for claimant.

*Mark A. Hullman,* for Robert George.

Before: R. B. Burns, P.J., and MacKenzie and
L. C. Root,* JJ.

MacKenzie, J. This is an appeal from a probate
court order for partial distribution of an estate.
Robert L. Cole died on November 18, 1978. He left
a will dated September 22, 1976, which bequeathed
his entire estate to his wife, Margaret L. Cole. The
will provided for distribution of the estate to the
testator's children and stepson if Margaret Cole

---

* Circuit judge, sitting on the Court of Appeals by assignment.

failed to survive the testator. Margaret Cole died on February 18, 1978, and Robert L. Cole married Marion Cole, now Marion Cole Cummins, on July 21, 1978.

After a nonjury trial, the probate judge ordered that Marion Cole take half of the share of the estate she would have received had the testator died intestate, less half of the value of certain property derived by Marion Cole from the testator by means other than testate or intestate succession upon his death. Marion Cole's share was to be computed as a percentage of the gross estate. She was also awarded interest on her share as provided in MCL 600.6013; MSA 27A.6013. Marion Cole appeals by right, while the executor of the estate cross-appeals.

MCL 700.282(1); MSA 27.5282(1) provided:

"If a decedent who was domiciled in this state dies testate leaving a surviving spouse, the fiduciary appointed to represent the estate, before the date for presentment of claims, shall serve notice on the surviving spouse of the spouse's right to an election as provided by this section and to file with the court an election in writing that the spouse elects 1 of the following:

"(a) That the spouse will abide by the terms of the will.

"(b) That the spouse will take 1/2 of the sum or share that would have passed to the spouse had the testator died intestate, reduced by 1/2 of the value of all property derived by the spouse from the decedent by any means other than testate or intestate succession upon the decedent's death."

After being served with the notice required by this subsection, Marion Cole filed an election in writing electing to take the share specified in (1)(b). The election was dated November 5, 1979;

the subsection was subsequently amended by 1980 PA 326, effective December 17, 1980, to add an additional alternative. This election was hardly surprising, as the will here was executed well before her marriage to the testator and thus made no provision for her. However, MCL 700.126(1); MSA 27.5126(1) provides:

"If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate the omitted spouse would have received if the decedent did not leave a will, unless it appears from the will that the omission was intentional, or unless the testator provided for the spouse by transfers outside the will and the intent that the transfers were in lieu of a testamentary provision is shown by declaration of the testator, by the amount of the transfers, or by other evidence."

The probate judge held that Marion Cole's election under MCL 700.282(1); MSA 27.5282(1) waived her right to the remedy afforded by MCL 700.126(1); MSA 27.5126(1). We do not agree. MCL 700.283(1); MSA 27.5283(1) states that a surviving spouse's failure to make a timely election under MCL 700.282(1); MSA 27.5282(1) leads to a conclusive presumption that the spouse intends to abide by the terms of the will. None of the alternatives which the spouse may elect under MCL 700.282(1); MSA 27.5282(1) include the remedy for the pretermitted spouse contained in MCL 700.126(1); MSA 27.5126(1). If an election under MCL 700.282(1); MSA 27.5282(1) waived the rights of a pretermitted spouse under MCL 700.126(1); MSA 27.5126(1), those rights would necessarily be waived in every case.

The probate judge regarded Marion Cole's written election as a binding stipulation pursuant to

GCR 1963, 507.9. However, the language of a stipulation may not be construed to effect the waiver of a right not plainly intended to be relinquished. *Whitley v Chrysler Corp,* 373 Mich 469, 474; 130 NW2d 26 (1964). Since the stipulation here purported to be an election between the two remedies specified in MCL 700.282(1); MSA 27.5282(1), it was not plainly intended to relinquish the right to a third remedy not mentioned in the section.

On appeal, the executor does not attempt to defend the probate judge's finding that Marion Cole waived her rights under MCL 700.126(1); MSA 27.5126(1). Instead, the executor argues that, under the facts presented here, the remedy afforded by that section was unavailable. The executor points to testimony by Marion Cole that she and the testator left their wills unchanged intentionally and to testimony by various other witnesses that Marion Cole and the testator told them before and during the marriage that they intended to keep their property separate.

MCL 700.291; MSA 27.5291 allows waiver of the rights of a surviving spouse in an estate by written agreement. No written agreement was executed here; the testimony relied on by the executor at best shows an oral agreement. The right of a pretermitted spouse under MCL 700.126(1); MSA 27.5126(1) to the same share of the estate she would have received if her spouse did not leave a will is subject to two exceptions: (1) if it appears *from the will* that the omission was intentional, or (2) if (a) the testator provided for the spouse by transfers outside the will and (b) if it is shown that the testator intended such transfers to be in lieu of a testamentary disposition.

Here it does not appear *from the will* that the

omission was intentional, although an intentional omission could arguably be inferred from some of the evidence outside the will. It was not disputed that Marion Cole received certain transfers outside the will. She recovered the proceeds of an insurance policy and certain money which the testator had deposited in joint bank accounts before his death. However, the probate judge found as a matter of fact that the testator did not intend such transfers to be in lieu of a testamentary disposition.

This Court does not review appeals from probate court *de novo.* MCL 600.866; MSA 27A.866. Findings of fact by a probate judge sitting without a jury will not be reversed unless the evidence clearly preponderates in the opposite direction. *In re Howarth Estate,* 108 Mich App 8, 10; 310 NW2d 255 (1981). We cannot say that the evidence clearly preponderates in the opposite direction from the probate judge's finding here. In this connection, we note that the executor relies largely on evidence which suggests that the testator did not intend to make any provision whatever for his wife Marion. Such evidence would not support a finding that the transfers outside the will were intended by the testator to be in lieu of a testamentary provision. If the testator intended to make no provision for Marion Cole, then he did not intend the transfers to be such a provision.

The executor also argues that the probate judge erred by computing Marion Cole's share as a portion of the gross estate. Marion Cole relies upon a provision of the will which specified that the testator's debts and the expenses of administering his estate were to be paid from the testator's "residuary estate". She also relies on certain statutory provisions which explain which assets of

a testate estate are to be used for payment of charges against the estate. MCL 700.156; MSA 27.5156 provides:

"(1) If the testator designates a specific portion of the estate to be appropriated in his will for the payment of any charges against his estate, the charges shall be paid according to the provisions of the will, and out of that portion of the estate thus appropriated insofar as it is sufficient.

"(2) If the provision made by will, or the estate appropriated, is not sufficient to pay all of the charges against the estate, that part of the estate which has not been distributed by the will, if any, shall be appropriated according to the provisions of the law for that purpose."

MCL 700.157; MSA 27.5157 provides:

"(1) The estate given by will to any devisee shall be held liable for the payment of:

"(a) All charges against the estate.

"(b) The share of the surviving spouse in the event that the spouse elects to take against the will and the will does not provide for the estate to be used for that purpose.

"(c) The share of a child born after the execution of the will, a child or of the issue of a child omitted in the will, or of a spouse omitted in the will.

"(2) If the assets are insufficient to pay or satisfy all of the charges or requirements of subsection (1) and to pay or satisfy all devises, subject to sections 155 and 156, then the charges or requirements shall be paid or satisfied in any manner agreeable to the devisees. If the devisees fail to agree, the devises shall be paid or satisfied in the following order of priority:

"(a) Property specifically devised.

"(b) Property passing by general or demonstrative devise.

"(c) Property devised by the residuary clause.

"(3) If more than 1 person is interested in property

under subsection (2), the property within that subdivision which may be appropriated to pay charges against the estate, or the other charges or requirements of subsection (1), shall be appropriated for that purpose proportionately."

However, MCL 700.126(1); MSA 27.5126(1) indicates that the pretermitted spouse's share of the estate is that which she would receive if the testator had not left a will. If the testator had not left a will, Marion Cole's share would have been determined after payment of charges against the estate. See MCL 700.117; MSA 27.5117, which provides in part:

"(1) When a person dies intestate as to any or all of his property, the property shall be first appropriated to the payment of all charges against the decedent's estate and all of the property of the decedent, or so much of it as may be necessary, may be sold for that purpose by the personal representative.

"(2) All of the heirs who, with the consent of the personal representative or otherwise, have possession of any part of the estate before all of the charges against the estate are paid or satisfied, shall hold the estate subject to those charges and shall be held to contribute according to their respective liabilities to the personal representative or to any heir from whom any part of the estate may have been taken for the payment or satisfaction of the charges."

Since Marion Cole does not take under the will but instead takes that share she would have received had the testator not left a will, the provision of the will regarding payment of charges against the estate does not mean that such charges cannot be taken into account in determining her share. While MCL 700.157; MSA 27.5157 does not expressly indicate that a pretermitted spouse's share is liable for payment of charges against the

estate, that is because the amount of such charges was deducted from the gross estate before the pretermitted spouse's share was computed.

We note that this result is in accord with the weight of authority from other jurisdictions. See Anno: *Liability for Administration Expenses of Spouse Electing Against Will,* 89 ALR3d 315.

The probate judge held that Marion Cole's share should be determined from the value of the property listed in the amended inventory rather than the value listed in the executor's final account. However, the share a spouse would receive if the decedent had not left a will is defined as a share of the decedent's "estate". See MCL 700.104; MSA 27.5104 and MCL 700.105; MSA 27.5105. MCL 700.4(6); MSA 27.5004(6) provides:

" 'Estate' means the property of the decedent or other person whose affairs are subject to this act as the property is originally constituted *and as it exists during administration."* (Emphasis added.)

Thus the share of a pretermitted spouse should reflect changes in the value of the property during administration of the estate.

The probate judge awarded Marion Cole interest pursuant to MCL 600.6013; MSA 27A.6013, which provides for interest on "a money judgment recovered in a civil action". However, it is a well-settled rule of statutory construction that where two statutes are in conflict, the more specific statute, enacted subsequently to the more general one, will prevail. See, for example, *Manville v Bd of Governors of Wayne State University,* 85 Mich App 628, 636; 272 NW2d 162 (1978). MCL 700.767; MSA 27.5767 provides for interest on "any allowed claim or allowed counterclaim in a civil action or proceeding in the probate court". Thus interest on

a money judgment in a civil action is awarded as provided in MCL 600.6013; MSA 27A.6013, except that if the action is in probate court and results in an allowed claim or an allowed counterclaim, interest is awarded as provided in MCL 700.767; MSA 27.5767. MCL 700.3(4); MSA 27.5003(4) defines "claim" in this context as including liabilities of the decedent, whether arising in tort, contract, or otherwise, liabilities of the estate arising at or before the decedent's death, and funeral and burial expenses. "Claim" does not include estate or inheritance taxes, demands, or disputes regarding the decedent's title to specific assets.

Here the probate judge held that a widow seeking a forced share of the estate under MCL 700.282(1)(b); MSA 27.5282(1)(b) stood in the position of a creditor of the estate. Presumably, this result would also apply to a pretermitted spouse seeking a forced share of the estate under MCL 700.126; MSA 27.5126. However, a widow's right to a forced share of her husband's estate cannot be characterized as a "liability of the decedent" analogous to those which constitute a claim under MCL 700.3(4); MSA 27.5003(4). The probate judge's reliance on *Tracy v Murray,* 44 Mich 109; 6 NW 224 (1880), and *In re McLennan's Estate,* 179 Mich 595, 602; 146 NW 265 (1914), was misplaced. Those cases treated the widow as a "creditor" only in the sense that legacies under the will could be reduced to pay liabilities of the decedent. See MCL 700.157; MSA 27.5157. Those cases cannot be read as requiring that a widow seeking to enforce her statutory rights be treated as a "creditor" for all purposes, particularly not for the purpose of a statute which had not been enacted when those cases were decided.

Because no allowed "claim" as that term was

used in MCL 700.767; MSA 27.5767 was involved here, arguably MCL 600.6013; MSA 27A.6013 applied if what the widow received was a "money judgment recovered in a civil action" as that term was used in the latter section. However, the purpose of an award of interest pursuant to MCL 600.6013; MSA 27A.6013 is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages. *Waldrop v Rodery,* 34 Mich App 1, 4; 190 NW2d 691 (1971); *Schwartz v Piper Aircraft Corp,* 90 Mich App 324, 326; 282 NW2d 306 (1979); *Wood v DAIIE,* 99 Mich App 701, 709; 299 NW2d 370 (1980), *rev'd in part on other grounds* 413 Mich 573; 321 NW2d 653 (1982). An award of interest under MCL 600.6013; MSA 27A.6013 is mandatory in cases to which the statute applies. *State Highway Comm v Great Lakes Express Co,* 50 Mich App 170, 183; 213 NW2d 239 (1973).

Statutes should be construed, where possible, to give effect to their purpose. See, for example, *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948). Damages are awarded in an ordinary civil action to compensate the plaintiff for loss. By compensating a prevailing party for expenses in bringing an action and for the delay in receiving money damages, MCL 600.6013; MSA 27A.6013 furthers the purpose of compensating the plaintiff for loss. A widow does not receive a forced share of her husband's estate to compensate her for loss in the same sense that a tort or contract plaintiff receives a money judgment for damages to compensate him for loss. A widow has no right to receive a forced share of her husband's estate before such a share is assigned to her in the ordinary course of probate. A certain amount of

delay and expense is inherent in any probate proceeding. An award of interest pursuant to MCL 600.6013; MSA 27A.6013 on a widow's forced share would not effectuate the legislative purpose of compensation for loss, because a widow loses nothing to which she was entitled by the delay and expense of probate proceedings. In this connection, we note that an award of interest on a widow's forced share of the estate would reduce the assets of the estate and thus come at the expense of other heirs and devisees, each of whom has also suffered the delay and expense of probate proceedings. We emphasize that an award of interest under MCL 600.6013; MSA 27A.6013 is mandatory in all cases involving "a money judgment recovered in a civil action" as that term is used in the section; thus, the compensatory purpose of the section cannot be saved by limiting an award of interest to cases in which an award of a widow's forced share is unreasonably delayed or causes a widow unreasonable expense. We therefore conclude that a probate court order awarding a widow a forced share of an estate pursuant to MCL 700.126; MSA 27.5126 is not a "money judgment recovered in a civil action" as that term is used in MCL 600.6013; MSA 27A.6013.

Reversed and remanded for further proceedings not inconsistent with the foregoing.