Guy M. Badgett, Guardian, *v.* Earnestine Marie Lones,
*et al.**

(*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

1. **INFANTS. Sale of realty. Code, sec. 5072, et. seq. Not a conversion of estate.**

It is a fixed principle of courts of equity never to permit the property of an infant to be changed from personal to real, or from real, to personal; this is in accord with section 5087 of Code, providing for reinvestment of proceeds on sale of property of persons under disabilities to be "held in same manner and subject to the same rules of descent and distribution as the property which was sold," even though the decree is silent. (Post, p. 479.)

Code cited sections 5072-5089;

Cases cited: Paul v. York, 1 Tenn. Chy. Rep., 547; Oberle v. Lerche, 3 C. E. Green's Ch., 575.

2. **SAME. Same. Same. Descent and distribution.**

Where an infant, as devisee, takes realty, subject to the "life estate, support and maintenance" of another, and proceedings are had complying with all the Code provisions for the sale of property of persons under disability, the propriety being clearly established, and the life tenant consenting; upon a sale and death of infant, **held** that proceedings had were not a sale for partition, but the exercise of an equitable power that necessity made proper, and that proceeds of such sale are to be regarded as realty, descending to the heirs of the infant, subject to life interest concerned therein. (Post, p. 482.)

---

*Headnotes 1. Conversion, 13 C. J., section 60; 2. Conversion, 13 C. J., section 60; 3. Conversion, 13 C. J., section 60; 4. Conversion, 13 C. J., section 60.

FROM BLOUNT.

Appeal from Chancery Court of Blount County.—HON. ERNEST R. TAYLOR, Chancellor.

CRAWFORD & GODDARD, for plaintiff.

T. C. DRINNEN and McTEER, KRAMER & QUINN, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Earnestine Marie Lones, a minor, became the owner of a tract of real estate in Blount county by virtue of the terms of the will of her mother, Myrtle S. Lones, subject to the provisions of a clause contained in a deed conveying the property to Myrtis S. Lones, as follows: "And A. C. Anderson and his wife Margaret E. Anderson father and mother of said Myrtis M. Stevenson (afterward Myrtis Lones) are to have a life estate support and maintenance on said farm."

A. C. Anderson died before the events involved in this litigation, but Mrs. Margaret E. Anderson still survives

In 1921, a bill was filed by the guardian of Earnestine Marie Lones against her and Mrs. Anderson for the sale of the property in question. Mrs. Anderson consenting, the land was sold and the proceeds are under the control and custody of the chancery court of Blount county. Earnestine Marie Lones died in 1924, leaving as her only heirs and next of kin her paternal grandfather, E.

J. Lones, and her maternal grandmother, the said Mrs. Anderson. E. J. Lones died subsequent to the death of Earnestine Marie Lones, leaving as his distributees his children, the petitioners, Looney Lones *et al.*

The question now before the court is the proper distribution of the proceeds of the land above referred to.

The petitioners, Looney Lones *et al.*, contend that the proceeds of said real estate are to be treated as personal property, descending under the laws of distribution, and that they are entitled to one-half as the representatives of their deceased father, E. J. Lones.

Petitioners, Lula Lane *et al.*, contend that the proceeds of said real estate are to be treated as real estate, and should go to the heirs of Myrtis Lones, mother of Earnestine Marie Lones, because title to the real estate in question was vested in Earnestine Marie Lones by the will of her mother, as provided in section 2420 of the Code of 1858, subsection 3, paragraph C (Shannon's Code, all editions, section 4163).

It is contended for Lula Lane *et al.* that the sale of the real estate was ordered by the chancery court in a proceeding brought under sections 3323-3340 of the Code of 1858 (Shannon's Code, all editions, sections 5072-5089), and that the proceeds are governed by the provisions of section 3338 requiring that they be held "for the benefit of the persons under disability or not in being, and held in the same manner, and subject to the same rules of descent and distribution, as the property which was sold."

If this contention is mantained, it follows that the proceeds of the sale are to be treated as realty, notwithstanding the decree of the chancellor confirming the sale did not so provide. *Paul* v. *York,* 1 Tenn. Chy. Rep., 547.

On the other hand, it is contended for the petitioners, Looney Lones *et al.*, that the sale was one for partition, and not under the code sections hereinabove cited; and these petitioners rely upon the holding of this court in *Cowden* v. *Pitts,* 2 Bax. (61 Tenn.), 59, that the provisions of section 3338 of the Code of 1858 do not apply to the proceeds of sales made for partition, or to other sales than those under the provisions of the code sections above cited.

If the record leaves it doubtful as to whether the sale of the land of the minor was made under the provisions of the code sections referred to, so as to work no conversion of the estate in so far as the rules of descent and distribution are to be applied to it, we are of the opinion that the doubt should be resolved in favor of the proposition that the sale was ordered and made under the code sections cited, and that no conversion of the estate resulted. "It is a fixed principle of courts of equity never to permit the property of an infant to be changed from personal to real, or from real to personal, so as to affect the succession to it." *Paul* v. *York,* supra, quoting from *Oberle* v. *Lerch,* 3 C. E. Green's Ch., 575.

The code sections above cited confer upon courts of chancery power to consent to and decree a sale of the property of persons laboring under the disability of coverture and infancy, at the suit of the husband or regular guardian when it is necessary for the support, education and maintenance of the person under disability, or when it is manifestly for the interest of such person.

By section 3327 it is provided that the jurisdiction so conferred "may be exercised as to any kind of property, and whether the interest or estate of the party under

disability, or any of the parties litigant, is in possession, reversion, or remainder, or subject to any limitation, restriction, or contingency whatsoever."

By the provisions last quoted it is clear that the sale of property is within the jurisdiction conferred by these sections of the code, although the title to the property is so held that a suit for partition or sale for division might be brought under other pertinent statutes.

The original bill in this cause, pursuant to which the sale of the lands was decreed, was filed by the guardian of the minor, and contained all of the recitations which are required of a bill filed under the code sections under consideration. It averred that the minor, then eleven years of age, was of delicate health, and that her physician had directed that she be taken to Florida during the preceding winter, and that similar action might be necessary to protect her health during the next winter; that the expenses incurred in her necessary care and support had been and would continue to be heavy, and would exceed the income from her property as then invested. The bill averred that both trustee and guardian of the minor had been compelled to entrench on the principal estate of the minor, and that her income was not sufficient to meet her necessary expense and to provide for any emegencies occurring on account of her health. The bill averred that the residence on the property in question was occupied by the minor and by her paternal grandfather and grandmother, and that after paying the support and maintenance to which Mrs. Margaret E. Anderson was entitled, little, if anything, was left for the minor, etc.

The bill further averred that the property could be sold for at least $13,000, and that it was for the welfare and

best interest of the minor that the property be sold, and that the proceeds be either reinvested in whole or in part, or loaned on good and sufficient security, etc.

Mrs. Anderson answered the bill, expressing her opinion that the sale of the property would be for the best interest of the minor, and expressing her willingness that her own interest be sold with the interest of the minor, on condition that the court should make provision for her support and maintenance out of the funds derived from the sale.

The property was sold for $14,000, and a decree was rendered by the chancellor directing the payment to Mrs. Margaret E. Anderson of $30 per month out of the proceeds. The chancellor further directed that the sum of $3500 be expended in the erection of a building on other real estate of the minor, for her use as a home, but it appears that this direction of the chancellor was not carried out.

We are of the opinion that the proceeding originally instituted was not a suit for partition, but was brought in the interest of the minor for a sale of the property in order to meet the needs of her support, education and maintenance. The bill filed has none of the characteristics of a suit for partition, but contains an averment that the complainant was informed that the life tenant was willing that the land be sold, and that her support and maintenance be provided by the court out of the funds derived from the sale; and the answer filed by the life tenant merely concurred in the opinion of the complainant that the sale would be for the best interest of the minor, and expressed the consent of the life tenant ''that her interest in said land may be sold together

with the interest of her grandchild, and that her interest be declared by the court and set apart out of the funds derived from said sale.''

We hold, therefore, that the proceeds of the sale were held in the chancery court as realty, and that upon the death of the minor the said proceeds descended to the heirs of Myrtis Lones, subject to the life interest of Mrs. Anderson.

The chancellor so ordered and his decree will be affirmed. The cause will be remanded to the chancery court of Blount county for execution of the decree therein rendered.