# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM STUMPE,

Plaintiff-Appellant,

v

DEBORAH STUMPE,

Defendant-Appellee.

UNPUBLISHED
April 27, 2017

Nos. 329142; 329236; 330000
Genesee Circuit Court
LC No. 11-302568-DM

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

In these consolidated appeals, plaintiff challenges three different orders requiring him to pay defendant's attorney fees in this domestic relations action. In each instance, the fees were awarded to defendant pursuant to MCR 3.206(C)(2)(a) (the requesting party is unable to bear the expense of prosecuting or defending the action, and the opposing party has the ability to pay). We affirm in each appeal.

The parties were divorced in November 2012, after a marriage of approximately three years. They had a prenuptial agreement that resolved many of the issues upon their separation. After the divorce, plaintiff resided in Colorado, whereas defendant lived in Michigan. The parties had one child together, who was born in December 2010. The parties were awarded joint legal and physical custody of their child, but the child's primary residence was ordered to be with defendant in Michigan.

In December 2013, plaintiff filed a motion to modify parenting time and for "other relief," which led to a protracted custody hearing that was conducted over nine days between June 27, 2014, and April 17, 2015. The trial court ultimately denied plaintiff's motion. Plaintiff appealed that decision to this Court, which affirmed the trial court's decision. *Stumpe v Stumpe*, unpublished opinion per curiam of the Court of Appeals, issued August 18, 2016 (Docket No. 328614).

Throughout the proceedings, defendant sought reimbursement of her attorney fees from plaintiff pursuant to MCR 3.206(C)(2)(a). Plaintiff alleged that she lacked the ability to pay her attorney fees because she was an unemployed, stay-at-home mother of three children, whose only source of income was the child support payments she received for her children. Conversely, defendant alleged that plaintiff was a wealthy, multi-millionaire businessman who

-1-

had the ability to pay her attorney fees. Plaintiff did not dispute his ability to pay, but argued that defendant was receiving substantial monthly child support payments, which were sufficient to enable her to pay for her own attorney fees, particularly because she had no other significant expenses in light of the divorce settlement. The trial court found that plaintiff had the ability to pay defendant's attorney fees and further ruled that defendant should not be required to use the child support payments to pay her attorney fees because those payments were intended for the benefit of the children. Accordingly, the trial court granted defendant's initial request for attorney fees, and thereafter granted additional requests by defendant for attorney fees after finding that the parties' circumstances had not materially changed.

Although the trial court issued several different orders requiring plaintiff to pay defendant's attorney fees, only three orders are at issue in these appeals. In Docket No. 329142, plaintiff appeals the trial court's August 14, 2015 order awarding defendant $1,895 in attorney fees. In Docket No. 329236, plaintiff appeals the trial court's August 24, 2015 order awarding defendant $10,000 for appellate attorney fees associated with plaintiff's prior appeal. Finally, in Docket No. 330000, plaintiff appeals the trial court's October 13, 2015 order awarding her attorney fees and costs of $1,782.50.

This Court generally reviews a trial court's award of attorney fees in a divorce action for an abuse of discretion. *Richards v Richards*, 310 Mich App 683, 699; 874 NW2d 704 (2015). "An abuse of discretion occurs when the result falls outside the range of principled outcomes." *Id*. Any factual findings associated with an award of attorney fees are reviewed for clear error, which exists when this Court is left with a definite and firm conviction that a mistake has been made. *Id*. at 700. Any questions of law are reviewed de novo. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005).

Attorney fees in a domestic relations matter are authorized by court rule, MCR 3.206(C), and statute, MCL 552.13. *Reed*, 265 Mich App at 164. The trial court awarded the challenged attorney fees under MCR 3.206(C), which provides:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that

> (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

MCR 3.206(C)(2) provides two separate avenues for awarding attorney fees. *Richards*, 310 Mich App at 700-701. In this case, the trial court awarded attorney fees under MCR

3.206(C)(2)(a), based on defendant's inability to pay and plaintiff's ability to pay. Attorney fees may be awarded under MCR 3.206(C)(2)(a) when a party needs financial assistance to prosecute or defend the suit. *Smith v Smith*, 278 Mich App 198, 207; 748 NW2d 258 (2008). The moving party also has the burden of proving the amount of the claimed fees and their reasonableness. *Ewald v Ewald*, 292 Mich App 706, 725; 810 NW2d 396 (2011).

Initially, we reject plaintiff's argument that defendant failed to show either that she was unable to pay her own attorney fees, or that plaintiff was able to pay those fees. The record discloses that defendant did not work and that she was a stay-at-home mother whose only income source was the monthly child support she received for her three children. Plaintiff never disputed these facts, but instead took the position that defendant had minimal personal expenses because her home was fully paid, because plaintiff was paying her car payments and insurance, and because defendant was receiving substantial child support payments, in excess of $4,000 a month, thereby enabling her to pay her own attorney fees. The trial court did not err when it repeatedly ruled that defendant should not have to invade her children's support payments to pay her attorney fees, given that this money was earmarked specifically for the children's support. See *Myland v Myland*, 290 Mich App 691, 702; 804 NW2d 124 (2010) (a party "may not be required to invade her assets to satisfy attorney fees when she is relying on the same assets for her support") (citation and quotation marks omitted); see also *Smith*, 278 Mich App at 207 (a party cannot be made to invade support payments to cover attorney fees). The trial court did not abuse its discretion by refusing to recognize the child support payments as a source from which defendant could pay her own attorney fees.

With respect to plaintiff's ability to pay, although defendant did not fully establish the extent of plaintiff's income and wealth, she was not able to do so because plaintiff failed to provide requested information about his finances. However, plaintiff never seriously disputed his ability to pay. He did not deny defendant's claims that he was a person of significant wealth, a multi-millionaire according to defendant. Even when plaintiff asserted difficulty in paying the $10,000 in appellate attorney fees as ordered by the court, he admitted that it was only because of a temporary cash-flow problem and he eventually was able to pay those fees. Because plaintiff did not contest the portions of defendant's motions alleging his ability to pay defendant's attorney fees, the trial court was not required to conduct an evidentiary hearing to determine plaintiff's income and worth for purposes of assessing his ability to pay.

Plaintiff also argues that defendant did not meet her burden of proving the reasonableness of her requested attorney fees. Again, the party requesting attorney fees has the burden of proving that they were incurred and that they are reasonable. *Reed*, 265 Mich App at 165-166. When the reasonableness of attorney fees is contested, the trial court must hold a hearing to resolve the issue. As explained in *Reed*:

> When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services. The trial court may not award attorney fees, as apparently occurred here, solely on the basis of what it perceives to be fair or on equitable principles. [*Id.* at 166 (citations omitted).]

In this case, plaintiff did not challenge the reasonableness of the attorney fees requested and awarded in Docket Nos. 329142 and 330000. At no point did plaintiff dispute the amount of those requested fees, or ask the trial court to conduct an evidentiary hearing to determine the reasonableness of those fees. We note that with respect to the attorney fees challenged in Docket No. 329142, plaintiff's counsel did remark that he had not received an accounting of defense counsel's time. The trial court ordered defense counsel to provide that information to plaintiff's attorney and, if there was a problem, they could go back on the record. The matter was not brought up again. In sum, because the record fails to disclose that plaintiff ever contested the reasonableness of the attorney fees awarded in Docket Nos. 329142 and 330000, the trial court did not err by failing to conduct an evidentiary hearing or render findings regarding the reasonableness of those fees. See *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993) ("Issues raised for the first time on appeal are not ordinarily subject to review.").

With regard to the $10,000 award for appellate attorney fees that plaintiff challenges in Docket No. 329236, the record discloses that plaintiff challenged those fees below on several grounds, one being that "there's been no showing that $10,000 is customary or reasonable in this jurisdiction." The trial court thereafter conducted an evidentiary hearing on this issue and obtained the telephone appearance of defendant's appellate attorney, Scott Bassett, who, after being placed under oath, provided testimony regarding this fee. On questioning by the trial court, Bassett testified that he had been practicing appellate family law for 34 years and that there were "only a handful of us that do this kind of work in Michigan," one being him and another being plaintiff's appellate counsel. Bassett testified that he charged a $10,000 retainer fee in this case, which he stated was "actually the minimum retainer fee that we typically request." He explained that the fee is usually higher in cases with a large record, such as this case, but that he still requested just a $10,000 retainer fee for this case. The trial court offered plaintiff's counsel an opportunity to question Bassett, but she declined to do so. After Bassett's testimony concluded, the court offered plaintiff's counsel an opportunity to present further argument on the matter, but she again declined to do so. With regard to the reasonableness of the $10,000 appellate retainer fee, the trial court then stated:

> So, with regard to Mr. Bassett, I think that he gave me the information that I was looking for. I can say that I've been to several family law conferences where he's presented on appellate family law matters and he is recognized as a practitioner who regularly does this litigation.
>
> I'm satisfied that what he's asking for is reasonable and pretty standard stuff. So, I'll make that finding.

The record discloses that plaintiff questioned the reasonableness of the $10,000 appellate retainer fee *only* on the basis that there had been no showing that the fee was customary and reasonable in Michigan. The trial court then conducted a hearing on this limited issue and elicited Bassett's testimony regarding his longstanding experience in appellate family law and his testimony that a $10,000 retainer fee "is actually the minimum retainer fee that we typically request." Plaintiff did not elect to cross-examine Bassett, present any contrary evidence, or offer any other argument or evidence challenging the reasonableness of the $10,000 retainer fee on

-4-

any other ground. In light of Bassett's testimony and plaintiff's failure to present any contrary evidence, the trial court did not abuse its discretion in finding that the $10,000 appellate retainer fee was reasonable.

Plaintiff complains that the trial court erred by failing to conduct an evidentiary hearing in order to make findings of fact concerning each of the factors discussed in *Smith v Khouri*, 481 Mich 519, 528-530; 751 NW2d 472 (2008). In *Smith*, the Supreme Court held that the reasonableness of attorney fees awarded as case evaluation sanctions should be evaluated by examining the factors listed in *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982), and Michigan Rule of Professional Conduct (MRPC) 1.5(a).[1] *Smith*, 481 Mich at 529-531. The Court explained that a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, and then multiply that number by the number of hours reasonably expended in the case. *Id.* at 530-531. Thereafter, the

---

[1] The *Wood* factors are:

"(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." [*Wood*, 413 Mich at 588 (quotation marks and citation omitted).]

MRPC 1.5(a) provides:

The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

court should consider the remaining *Wood*/MRPC factors to determine whether an up or down adjustment is appropriate. *Id.* at 531. In *Riemer v Johnson*, 311 Mich App 632, 656-661; 876 NW2d 279 (2015), this Court observed that *Smith* involved an award of attorney fees under MCR 2.403(O), whereas the case at hand, like our case here, involved an award of attorney fees under MCR 3.206(C)(2). This Court held that "[b]ecause an award of attorney fees under MCR 3.206(C)(2) has no relation to an award of attorney fees under MCR 2.403(O), . . . the trial court did not err by failing to follow the detailed procedure set forth in *Smith*." *Riemer*, 311 Mich App at 657. However, the Court in *Reimer* did go on to apply the factors in *Wood* and MRPC 1.5(a) to review the reasonableness of the attorney fees awarded under MCR 3.206(C). *Id.* at 658-661.

In this case, the trial court did not consider all of the *Wood*/MRPC factors when determining the reasonableness of the $10,000 appellate retainer fee. However, the *only* factor challenged by plaintiff was whether the $10,000 appellate retainer fee "is customary or reasonable in this jurisdiction," and the trial court conducted an evidentiary hearing and rendered a finding on this singularly contested issue. Bassett's testimony, which went unrefuted, supported the trial court's finding that the $10,000 fee was reasonable. Because plaintiff never offered any argument or presented any evidence contesting the reasonableness of the fee under any of the other *Wood*/MRPC factors, the trial court did not err by failing to conduct a more in-depth evidentiary hearing or make findings on any of the other factors.

Plaintiff further argues that the trial court did not have the authority to award defendant $10,000 in appellate attorney fees on a prospective basis, before they were actually incurred. Initially, this Court has recognized that MCR 3.206(C) authorizes an award of attorney fees for appellate services. See *Myland*, 290 Mich App at 703; *McIntosh v McIntosh*, 282 Mich App 471, 483; 768 NW2d 325 (2009); *Gates v Gates*, 256 Mich App 420, 439; 664 NW2d 231 (2003). While the panel in *McIntosh* did not ultimately have to address the argument that the lower court erred in awarding appellate attorney fees in anticipation of an appeal, the Court did acknowledge the general principle that the moving party must show that the fees were incurred and that they were reasonable. *McIntosh*, 282 Mich App at 483.

Plaintiff argues that defendant had not actually incurred the appellate attorney fees at the time they were awarded because the appeal was still pending. We disagree. The trial court was aware that the appeal was then pending. However, Bassett explained that $10,000 was his retainer fee for agreeing to handle the appeal, which was "actually the minimum retainer fee that we typically request." Because the fee was necessary to retain Bassett, the expense was not solely prospective. The fee was actually incurred by defendant because it was an expense necessary to retain Bassett for the appeal. Therefore, we reject plaintiff's argument that the trial court lacked the authority to award the appellate attorney fees under MCR 3.206(C) because those fees were not incurred.[2]

---

[2] As it is unnecessary to reach the issue, we take no position concerning whether prospective or anticipatory appellate attorney fees are recoverable under MCR 3.206(C).

Affirmed. Having fully prevailed on appeal, taxable costs are awarded to defendant under MCR 7.219.

/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly