*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MANDY MAE O'NEIL,

        Plaintiff-Appellee,

v

JEREMY BRANDON O'NEIL,

        Defendant-Appellant.

UNPUBLISHED
December 05, 2025
9:51 AM

Nos. 359878; 361857
Macomb Circuit Court
Family Division
LC No. 2018-000197-DM

AFTER REMAND

Before: K. F. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

This case returns to us after we remanded the matter to the trial court "for an evidentiary hearing for the trial court to determine the reasonableness of the [attorney] fees requested, and what amount, if any, plaintiff is entitled to." *O'Neil v O'Neil*, unpublished per curiam opinion of the Court of Appeals, issued June 29, 2023 (Docket Nos. 359878 and 361857), p 3. On remand, the trial court granted plaintiff's request for attorney fees following an evidentiary hearing. Finding no errors warranting reversal, we affirm.[1]

## I. BASIC FACTS AND PROCEDURAL HISTORY

The relevant facts of this case are summarized in this Court's prior opinion:

The parties were married in June 1996, and have two [adult] daughters, Darian and Makayla O'Neil. Defendant left the marital home in October 2017, and plaintiff filed for divorce on January 9, 2018. Plaintiff alleged that she was

---

[1] In the original appeal, Judge MARKEY and Judge JANSEN both sat on the panel. Judge BORRELLO has been designated to serve in the stead of Judge MARKEY and Judge MURRAY has been designated to serve in the stead of Judge JANSEN.

unemployed and without sufficient funds to support herself, but that defendant earned substantial income to support plaintiff, the children, and their residences. Thus, she requested an ex parte order maintaining the status quo, which the court entered on January 19, 2018. Defendant filed a counterclaim for divorce.

On August 28, 2018, the parties entered a confidential settlement agreement including a division of the marital property. In exchange for plaintiff's interest in the parties' company, D&M Truck, Tire and Repair, defendant was to pay plaintiff $10,000 a week for 520 weeks, totaling $5,200,000. The parties were each awarded certain real property (plaintiff the marital home, a Gaylord cabin, and a Jamaica vacation home, among others; defendant the business properties), as well as a number of vehicles, including personal automobiles, snowmobiles, boats, jet skis, motor homes, trailers, and classic cars. Under the settlement agreement, defendant was responsible for all marital debt and the payment of Darian's American Express (Amex) credit card bills. On September 21, 2018, the consent judgment of divorce was entered, which incorporated by reference the settlement agreement.

However, beginning in June 2019, plaintiff moved several times to enforce the property settlement, alleging that defendant failed to pay the weekly property settlement payments or marital debts, specifically, delinquent property taxes on real estate awarded to plaintiff and Darian's outstanding Amex bills. She also alleged that snowmobiles she was awarded in the settlement agreement were missing from her property. She sought attorney fees under MCR 3.206. The court heard plaintiff's motion and entered a money judgment as agreed to by the parties, but by August 2019, plaintiff moved to hold defendant in civil contempt for failing to make the weekly payments. She filed several similar motions, and an evidentiary hearing was held in December 2020, and January 2021. The issues before the court were (1) defendant's failure to make weekly payments, (2) defendant's failure to pay property taxes under the status quo order, (3) defendant's failure to pay Darian's credit card bills, which plaintiff paid to preserve Darian's credit, (4) defendant's failure to provide the deed to the Jamaica property, (5) defendant's trespass onto the Gaylord property and removal of snowmobiles awarded to plaintiff, and (6) plaintiff's request for attorney fees. Both parties testified, the parties stipulated that defendant owed $216,000 in outstanding weekly nonpayments, and they agreed to submit written closing arguments.

However, no further action was taken until October 2021, when plaintiff moved for the entry of orders and production of documents. She asserted that the parties entered a private settlement agreement ordering defendant to pay plaintiff $216,626.19 for all missed weekly payments and interest, and that the trial court asked plaintiff's counsel to prepare an order requiring defendant to produce his Amex records at the end of the evidentiary hearing. When plaintiff prepared the orders and presented them to defense counsel, he did not respond or object. However, defendant failed to pay or produce the documents. The parties appeared in court, and were ordered to submit written summaries of the outstanding issues, updated amounts owed, and proposed orders. On December 20, 2021, the court entered an opinion and order, adopting the proposed order submitted by plaintiff.

The court determined that defendant owed plaintiff $67,626.19 of the $216,626.19 money judgment, plaintiff was owed the replacement costs of the missing snowmobiles, defendant was ordered to pay Darian's outstanding Amex statements as well as interest plaintiff paid on the accounts, defendant was ordered to pay the property taxes outstanding as of the signing of the settlement agreement, and the court awarded plaintiff attorney fees. Defendant appealed as of right the attorney fee award, and was granted leave to appeal the other portions of the opinion and order. [*O'Neil*, unpub op at 1-2.]

On appeal, this Court determined that the trial court erred by awarding attorney fees to plaintiff without making a finding regarding the reasonableness of the fees requested. *Id*. at 3. This Court noted that while it appeared the parties initially agreed to a streamlined process of stipulating to an hourly rate, disputing specific charges, and discussing the challenged bills at a hearing, that procedure was not followed. *Id*. at 4. Rather, plaintiff moved for the entry of an order awarding attorney fees, which defendant contested. *Id*. The trial court then awarded plaintiff her actual fees requested. *Id*. at 5. However, the court failed to make a determination as to the reasonableness of the fees. *Id*. As this Court observed:

> [N]o evidentiary hearing was held to determine the proper hourly rate or assess the reasonableness of the fees. There is no evidence of a direct stipulation by defense counsel that $350 per hour was a reasonable hourly rate. Nor did the trial court make any record regarding the reasonableness of the fees, or consideration of the relevant factors. [*Id*. at 4.]

The trial court also awarded plaintiff attorney fees for the period between plaintiff filing for divorce in January 2018, through entry of the consent judgment of divorce in September 2018, despite the judgment providing that " 'each party shall be responsible for the payment of their own attorney fees and costs, in connection with the Divorce Action, which fees and costs shall be paid prior to the Judgment date.' " *Id*. at 5. Because the trial court erred by awarding plaintiff her actual fees without making a reasonableness determination and failed to consider the language of the consent judgment when awarding attorney fees, *id*., this Court vacated the portion of the trial court opinion and order regarding attorney fees, and remanded the case for an evidentiary hearing "to determine the reasonableness of plaintiff's attorney fee request," *id*. at 9. In all other respects, this Court affirmed the trial court's order. *Id*.

On August 23, 2023, the trial court held an evidentiary hearing to address the reasonableness of plaintiff's attorney-fee request, pursuant to this Court's remand order. Plaintiff conceded that she was not entitled to prejudgment attorney fees and submitted an exhibit reflecting the work completed and fees charged by plaintiff's counsel from May 2019 to December 2021, arising from defendant's noncompliance with the consent judgment of divorce. After omitting the prejudgment fees, plaintiff maintained that she was entitled to attorney fees in the amount of $51,881.04. Defendant indicated that while he did not object to the reasonableness of the hourly rate charged, plaintiff was not entitled to attorney fees related to enforcement of the consent judgment because the services rendered by plaintiff's counsel were not reasonable. The trial court heard testimony from plaintiff regarding the necessity of the legal services rendered to enforce the judgment. Following testimony, the trial court allowed defendant to file a brief contesting plaintiff's entitlement to the requested attorney fees.

In September 2023, defendant filed his written objections, arguing that an award of attorney fees related to enforcement of the judgment was improper because defendant had nonfrivolous reasons for withholding payments based on the language of the consent judgment. He also argued that most of plaintiff's enforcement motions were resolved without a hearing, and that defendant made continuous efforts to pay his outstanding obligations. Further, defendant contested several line item charges in plaintiff's bill of particulars. Plaintiff filed a response in October 2023, arguing that the requested fees were reasonable given defendant's continued noncompliance with the consent judgment. She also requested sanctions under MCR 1.109(E)(7) for having to respond to defendant's frivolous motion.

On January 8, 2024, the trial court issued a written opinion and order granting plaintiff's request for attorney fees. The trial court cited the relevant factors for determining the reasonableness of an attorney fee and concluded that plaintiff's attorney-fee request for $51,881.04 was reasonable. Relying on plaintiff's testimony from the evidentiary hearing, which detailed defendant's noncompliance with the judgment and plaintiff's engagement of counsel to obtain defendant's compliance, the trial court reasoned:

> In essence, Plaintiff's enforcement of the consent judgment of divorce with the assistance of her attorneys would have been unnecessary had Defendant simply complied with the parties' settlement. . . . But Defendant failed to comply, resulting in multiple motions being filed and numerous hearings in this Court being scheduled and then rescheduled. . . . From May 22, 2019 until December 22, 2021, Plaintiff's attorneys applied their time, skill, and effort in response to Defendant's unnecessary noncompliance. . . . Thus, awarding Plaintiff attorney fees during this time period is reasonable under Michigan law.

The trial court also denied plaintiff's additional request for sanctions, encouraging the parties "to work together when necessary, fulfill their continued obligations as required by their own settlement agreed to on September 21, 2018, and strive towards common goals for the good of each other and their families." It ordered defendant to pay the attorney-fee award to plaintiff within 30 days of its opinion and order.

## II. STANDARDS OF REVIEW

The trial court's award of attorney fees is reviewed for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.* A trial court's findings of fact underlying an attorney-fee award are reviewed for clear error, and underlying questions of law are reviewed de novo. *Brown v Home-Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

As this Court noted in its prior opinion, *O'Neil*, unpub op at 3, the relevant court rule is MCR 3.206(D), which provides:

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that:

(a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

"Generally, a party requesting a postjudgment award of attorney fees must show both that the attorney fees were incurred and that they were reasonable." *Souden v Souden*, 303 Mich App 406, 415; 844 NW2d 151 (2013). "Reasonable fees are not equivalent to actual fees charged." *Smith*, 481 Mich at 528 n 12 (quotation marks and citation omitted). "When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Souden*, 303 Mich App at 415 (quotation marks and citation omitted).

Determining the reasonableness of an attorney fee requires trial courts to "consider the totality of the special circumstances applicable to the case at hand." *Smith*, 481 Mich at 529. These factors include:

(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. [*Id*., quoting *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982).]

Other overlapping factors for consideration include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent. [*Smith*, 481 Mich at 530, quoting MRPC 1.5(a).]

"Although the actual amount of attorney fees requested may be considered, it is not controlling in itself and an award of reasonable attorney fees is not confined to that amount." *In re Martin (After Remand)*, 205 Mich App 96, 109; 517 NW2d 749 (1994), rev'd on other grounds 450 Mich 204 (1995). A trial court should briefly discuss its review of the above factors on the record in order to facilitate appellate review. *Smith*, 481 Mich at 531.

This Court determined that the trial court erred by awarding plaintiff her actual fees, "rather than making a reasonableness determination." *O'Neil*, unpub op at 5. Additionally, the trial court erred by "awarding plaintiff attorney fees up through the date of entry of the judgment of divorce," when the "consent judgment of divorce provided that 'each party shall be responsible for the payment of their own attorney fees and costs, in connection with the Divorce Action, which fees and costs shall be paid prior to the Judgment date.' " *Id*. This Court therefore directed the trial court to hold "an evidentiary hearing . . . to determine the reasonableness of the fees requested, and what amount, if any, plaintiff is entitled to," *id*. at 3, and to "consider the language of the consent judgment on remand in determining plaintiff's eligibility for attorney fees and the proper amount, if any," *id*. at 5.

On remand, the trial court properly discharged its obligation to assess the reasonableness of plaintiff's requested attorney fees and did not abuse its discretion by granting an award of $51,881.04. At the evidentiary hearing, defendant stipulated that the hourly rate charged by plaintiff's counsel was reasonable, conceding that the rates corresponded with "the rates that are charged by attorneys with this kind of experience in this locality," and stating that defendant was "not challenging the amount of money and the time that was spent" on the services rendered. Rather, defendant contended that the award of attorney fees was unreasonable because there was no good cause for plaintiff's repeated motions to enforce the judgment, given defendant's payment efforts. However, as the trial court noted, "Plaintiff's enforcement of the consent judgment of divorce with the assistance of her attorneys would have been unnecessary had Defendant simply complied with the parties' settlement," and "Plaintiff's attorneys applied their time, skill, and effort in response to Defendant's unnecessary noncompliance."

The trial court's reasonableness determination was supported by plaintiff's testimony at the evidentiary hearing. Plaintiff testified that after the consent judgment was entered, she had to engage counsel due to defendant's noncompliance with court-ordered weekly payments in May 2019. Defendant also violated other provisions of the judgment by failing to pay property taxes and credit card expenses, and failing to turn over to plaintiff the deed to a Jamaica property and the titles and possession of snowmobiles. This noncompliance resulted in plaintiff filing several motions to enforce the judgment from May 2019 to December 2021. Plaintiff acknowledged that the parties attended mediation sessions and entered into several stipulations related to defendant's fulfilment of his obligations, but the parties ultimately failed to secure defendant's compliance absent court intervention. Based on this testimony, the trial court properly concluded that an award

of attorney fees under MCR 3.206(D)(2)(b) was reasonable based on defendant's repeated noncompliance with the consent judgment.

Additionally, the trial court properly considered the language of the consent judgment of divorce and limited plaintiff's attorney-fee award to include only postjudgment fees related to enforcement of the judgment. The consent judgment of divorce was entered on September 21, 2018, and the trial court properly limited the attorney-fee award to services rendered by plaintiff's attorneys from May 22, 2019 to December 22, 2021.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello